(No. 13003.—Judgment affirmed.)

THE STATE PUBLIC UTILITIES COMMISSION, Appellant, *vs.* THE BARTONVILLE BUS LINE, Appellee.

*Opinion filed December 17, 1919.*

1. PUBLIC UTILITIES—*what is included within term "public utility."* The term "public utility" includes every corporation which owns, controls, operates or manages within the State, directly or indirectly for public use, any plant, equipment or property used or to be used for or in connection with the transportation of persons between points within the State.

2. SAME—*commission cannot arbitrarily deny a certificate to motor bus line.* A petition by a motor bus company for a certificate of convenience and necessity must be considered on its merits, and if the evidence of convenience and necessity supports the petition the commission cannot arbitrarily deny the certificate because a portion of the proposed route is a highway outside the corporate limits of a city or village.

3. SAME—*Public Utilities Commission has no arbitrary powers.* The Public Utilities Commission cannot determine the public policy of the State and is given no arbitrary powers by statute, but its orders and decisions are subject to review and must be reasonable and lawful.

APPEAL from the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding.

EDWARD J. BRUNDAGE, Attorney General, ALBERT D. RODENBERG, WILLIAM E. TRAUTMANN, MATTHEW MILLS, and MORTON T. CULVER, for appellant.

TICHENOR, TODD, WILSON & BARNETT, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Sangamon county setting aside a decision of the Public Utilities Commission.

Appellee, the Bartonville Bus Line, filed its application with the Public Utilities Commission for a certificate of convenience and necessity. It sought to operate a motor bus line upon and along certain public streets and highways between a point in the village of Bartonville and a point in the city of Peoria. The commission refused the certificate on the ground that the granting of the certificate carried with it a certain implied right of monopoly, and that the character and features of the business of appellee are such that to grant it the certificate would be, in effect, authorizing a monopoly where the plant used was largely the property of the public itself. This decision of the commission is based upon its conclusion that no certificate of convenience and necessity ought to be granted to a public utility where it is proposed to operate motor vehicles over the public highways of the State outside the corporate limits of a city or village.

The term "public utility" means and includes every corporation that now or hereafter may own, control, operate

or manage within the State, directly or indirectly for public use, any plant, equipment or property used or to be used for or in connection with the transportation of persons between points within this State. (Public Utilities act, sec. 10.) No public utility can now begin business in this State until it has obtained a certificate from the Public Utilities Commission that public convenience and necessity require the transaction of such business. (Public Utilities act, sec. 55.) When a public utility files with the commission a petition for such a certificate it is the plain duty of the commission to consider the petition on its merits, and if said petition is so supported by evidence as to enable the commission to find that the operation proposed will serve the public convenience and is necessary thereto, there is nothing the commission may lawfully do but grant the certificate. There is nothing in the act which authorizes the commission to arbitrarily deny the certificate because a portion of the route over which the utility proposes to operate is a highway outside the corporate limits of a city or village. If that is to be the public policy of the State that policy must be declared by the legislature. The Public Utilities Commission is given no arbitrary powers by statute, and its orders and decisions are subject to review and must be reasonable and lawful. *Chicago Bus Co.* v. *Chicago Stage Co.* 287 Ill. 320; *Public Utilities Com.* v. *Chicago, Milwaukee and St. Paul Railway Co.* 287 id. 412.

Judging from the conclusion reached by the commission and the reasoning used by it in reaching the conclusion, we must hold that its decision is unreasonable and therefore unlawful.

The judgment of the circuit court directing that the commission consider and pass upon the merits of the application of the Bartonville Bus Line for a certificate of convenience and necessity and for authority to issue its capital stock is therefore affirmed.    *Judgment affirmed.*