(No. 19706.—)

THE CENTRAL NORTHWEST BUSINESS MEN'S ASSOCIATION *et al.* Appellees, *vs.* THE COMMERCE COMMISSION *et al.* —(THE CHICAGO MOTOR COACH COMPANY, Appellant.)

*Opinion filed October 19, 1929—Rehearing denied Dec. 11, 1929.*

150

RYAN, CONDON & LIVINGSTON, (JAMES G. CONDON, and JOHN J. SHARON, of counsel,) for appellant.

SAMUEL A. ETTELSON, Corporation Counsel, JOHN G. DRENNAN, JOHN R. GUILLIAMS, FRANCIS X. BUSCH, HARRY P. WEBER, and HENRY M. ASHTON, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Cook county setting aside as unlawful and unreasonable an order of the Illinois Commerce Commission entered September 19, 1928, which rescinded a previous order of said commission entered January 26, 1928, authorizing and directing appellee Chicago Railways Company, and the receivers thereof, to install and operate motor bus street railway extension lines on portions of two specified streets in the city of Chicago as a part of the existing street railway system of that company, and denied a petition of the railways company to finance such motor bus operation.

On October 18, 1927, the Central Northwest Business Men's Association filed with the Illinois Commerce Commission a complaint against appellee Chicago Railways

Company and its receivers charging that the street railway service in a certain section of the northwest part of the city of Chicago was inadequate and prayed for an order directing the Chicago Railways Company to install and operate motor bus street railway extension lines on the following streets: Diversey avenue from Milwaukee avenue to North Crawford avenue; Diversey avenue from North Laramie avenue to the western city limits; Belmont avenue from North Central avenue to the western city limits; North Central avenue from Grand avenue to Irving Park boulevard, and North Narragansett avenue from Grand avenue to Irving Park boulevard. The petition showed that the Chicago Railways Company had street car tracks on Belmont avenue, terminating at North Central avenue, and on Diversey avenue between Milwaukee avenue and North Crawford avenue; that it had, pursuant to an order of the commission entered November 18, 1926, installed and was operating a motor bus extension of its Diversey avenue street railway from North Crawford avenue to North Laramie avenue. Hearings were had on the complaint from time to time until January 10, 1928. In the course of these hearings appellant, Chicago Motor Coach Company, was permitted to intervene as a party but it offered no evidence, and the commission on January 26, 1928, entered the following findings of fact: "That the existing transportation facilities in that part of the city of Chicago along and adjacent to Diversey avenue between North Laramie avenue and North Harlem avenue, and along and adjacent to Belmont avenue between North Central avenue and North Harlem avenue, are inadequate and insufficient and that public necessity and convenience require an extension of these facilities into each of these districts, and that the most practicable and effective way of making this extension and supplying the needed additional facilities is (a) by an extension of the existing auxiliary motor bus line on Diversey avenue from North Laramie

avenue to North Narragansett avenue and from North Crawford avenue to Milwaukee avenue; (*b*) by a motor bus line on Belmont avenue from North Central avenue to North Narragansett avenue, both of said motor bus lines to be operated as extensions of and supplementary and auxiliary to and as a part of the existing street railway lines of the Chicago Railways Company." On these findings the commission entered an order that appellee Chicago Railways Company, and the receivers thereof, be authorized and directed (*a*) to extend the existing street railway motor bus line on Diversey avenue from North Laramie avenue to North Narragansett avenue and from North Crawford avenue to Milwaukee avenue, and to maintain and operate said motor bus lines, together with the existing motor bus line on Diversey avenue, so as to form a continuous line from Milwaukee avenue to North Narragansett avenue; and also (*b*) to install, maintain and operate a motor bus line on Belmont avenue from North Central avenue to North Narragansett avenue; and that these motor bus lines be installed, maintained and operated as extensions of and auxiliary and supplementary to the existing street railway system of the Chicago Railways Company and as a part of such system and of the unified system known as the Chicago Surface Lines, and subject to the same rates of fare and the issuance and exchange of transfers between motor busses and street cars as now or shall hereafter prevail on the Chicago Surface Lines. The order recited that the commission retained general jurisdiction of the cause, especially for the purpose of receiving and acting upon any application or petition by the Chicago Railways Company, or the receivers thereof, for any supplemental order, authority or direction relative to the procurement of the necessary funds to pay the cost of the installation of the auxiliary and supplementary bus operation authorized by said order or as to any other matter relating to such installation.

On February 3, 1928, appellant, Chicago Motor Coach Company, filed a petition for a rehearing and to set aside the order of January 26 and grant a certificate to it to put in motor bus lines on the two streets in question as a part of its motor coach system in lieu of the street railway extensions. This petition was withdrawn and re-filed on February 25, 1928, and on March 19, 1928, the commission denied the same and the coach company appealed to the superior court of Cook county, which appeal is still pending and undetermined.

On May 15, 1928, appellee Chicago Railways Company filed a petition with the commission for leave to pay from a certain fund accumulating from the revenues of the company and known in this record as the special equipment fund, the cost of installing the motor bus street railway extension lines authorized and directed by the order of January 26. Hearings were had on this petition on June 12 and 13, 1928, at which evidence was introduced on behalf of the Chicago Railways Company as to the number and estimated cost of the motor busses to be purchased and the current growth of the special equipment fund. The matter was taken under advisement by the commission. On June 23, while the matter was still under advisement, the commission gave notice that on July 12, 1928, it would hold a hearing for the purpose of determining whether to rescind, alter or amend the order entered on January 26, and also to reconsider the action taken by the commission on March 19, 1928, denying the petition for rehearing filed by appellant. This notice also directed that the order of January 26 be stayed and suspended pending the further order of the commission. On July 12 a discussion took place between the commissioners present and counsel representing the utilities interested, but no evidence was introduced or called for by the commission. The matter was taken under advisement by the commission, and pending its decision a delegation of the people in the northwest section of

the city appeared before the commission and urged it, in the public interest, to allow the order of January 26, 1928, to stand. No further hearing was had, and on September 19, 1928, the commission entered an order which, after preliminary discussion, first rescinded and set aside the order of January 26, 1928, on the ground that the commission deemed the operation of motor bus street railway extensions not desirable and as a matter of policy not to be permitted; second, denied the original complaint of Central Northwest Business Men's Association; and third, denied the petition of appellee Chicago Railways Company for leave to expend money from its special equipment fund for the acquisition, maintenance and operation of auxiliary or supplementary motor busses. Appellee Chicago Railways Company filed with the commission a petition for rehearing. The Central Northwest Business Men's Association also filed a petition for rehearing, as did the city of Chicago. On October 18, 1928, the petitions for rehearing of the Northwest Business Men's Association and the city of Chicago were denied by the commission, and on October 24 the Chicago Railways Company's petition for rehearing was also denied. An appeal was taken to the circuit court by the Central Northwest Business Men's Association, the city of Chicago and the Chicago Railways Company. On that appeal appellant, Chicago Motor Coach Company, was allowed to intervene and become a party. On February 13, 1929, the circuit court entered its judgment and order reversing and setting aside the order of the commission of September 19 as unlawful and unreasonable. From that judgment the Chicago Motor Coach Company has appealed.

Appellant contends that the circuit court erred in holding that the order of September 19, 1928, was beyond the power of the commission and in direct violation of the Public Utilities act and was unreasonable, unlawful and not based upon substantial evidence before the commission. This is the only question for review here. Appellees argue

that the order of September 19, 1928, was not based on any findings of fact established by the evidence and was contrary to the findings of fact of the commission on which the January 26 order was based; that no new evidence or change in fact or law was shown to support the order of September 19, 1928, which rescinded the January 26 order and denied the petition of May 15, 1928, but that the last named order was based on a matter of public policy which the commission assumed to declare and establish by mere administrative fiat, on the belief of the commission as to what the public policy should be as to such extensions and as to what experience had shown with respect to the use of the special equipment fund of the railway company, but without any evidence as to what such experience, if any, was or what it disclosed.

Was the order of September 19, 1928, reasonable and based on substantial evidence in the record before the commission and was a finding of fact made by the commission as required by statute? In its review of the commission's order this court is limited to a determination of whether the commission acted within the scope of its authority, whether the order has substantial foundation in the evidence, and whether any substantial right has been infringed by such order. (*Wabash, Chester and Western Railroad Co.* v. *Commerce Com.* 309 Ill. 412.) This court is not authorized to substitute its judgment for that of the commission in order to put itself in place of the commission and try anew the issues presented. *Commerce Com.* v. *Omphghent Township,* 326 Ill. 65; *Egyptian Transportation System* v. *Louisville and Nashville Railroad Co.* 321 id. 580.

The original petition presented to the commission the question whether the street railway service of the Chicago Railways Company was adequate to meet the demands of the public and whether extension of that service was needed, and if so, whether that need could be met by the establishment of motor bus lines as auxiliary to the street car ser-

vice. It is conceded that the question presented was within the jurisdiction of the commission to decide and that all parties interested and concerned had notice or appeared and were made parties and that an opportunity was afforded them to be heard and present evidence before the commission. The commission found, and the findings are supported by the facts, that the existing street car railway service was inadequate and that it could be made adequate to meet the public needs by establishing motor bus extensions to that service.

The commission, as directed by section 65 of the Illinois Commerce act, made the specific findings hereinabove quoted and entered an order authorizing and directing the Chicago Railways Company, and the receivers thereof, to install motor bus service on the streets hereinbefore named, as a part of said system known as the Chicago Surface Lines and subject to the same rates of fare and the issuance and exchange of transfers between motor busses and street cars as prevail on the Chicago Surface Lines. The record of the commission shows the following, which constitute the only findings in support of its order of September 19:

"1. The operation of motor bus lines in connection with and supplementary to and as a permanent part of the existing system of street railways in Chicago and as part of the system known as the Chicago Surface Lines is not desirable and as a matter of policy should not be permitted.

"2. The operation of motor busses in conjunction with and as an extension of and supplementary to the existing street railway system of the Chicago Railways Company and as a part thereof, with interchangeable transfers on Diversey avenue between North Laramie avenue and North Narragansett avenue, on Diversey avenue between North Crawford avenue and Milwaukee avenue, in lieu of existing street car service on that part of Diversey, and on Belmont avenue between North Central avenue and North Narragansett avenue, should not be authorized.

"3. The complaint filed herein by Central Northwest Business Men's Association praying for an order directing respondent Chicago Railways Company to extend its street railway facilities by means of motor bus auxiliary or supplementary service on Diversey avenue from Milwaukee avenue to North Crawford avenue, Diversey avenue from North Laramie avenue to western city limits, Belmont avenue from North Central avenue to western city limits, North Central avenue from Grand avenue to Irving Park boulevard, and North Narragansett avenue from Grand avenue to Irving Park boulevard, should be denied.

"4. The supplemental application of the Chicago Railways Company filed in the instant case praying for leave to expend from its portion of the special equipment fund of Chicago Surface Lines an amount up to three hundred thirty-six thousand dollars ($336,000), two hundred and four thousand dollars ($204,000) to be expended immediately, should be denied.

"5. The order entered herein by this commission on January 26, 1928, should be annulled, rescinded and set aside and the authority conferred therein upon the Chicago Railways Company to maintain and operate auxiliary or supplemental busses in connection with the street railway system should be revoked, annulled and canceled."

Upon these findings the order setting aside its order of January 26 denying the original petition and denying the petition of the railways company for permission to finance such extension was entered.

Section 65 requires that the commission make and enter findings of fact concerning the subject matter inquired. into and base its order thereon. This court has construed this act as an imperative requirement that the commission make findings of fact upon the principal issues in the case. (*Northern Illinois Light Co.* v. *Commerce Com.* 302 Ill. 11.) In order that the courts may intelligently review the decisions of the commission the latter must make its find-

ings sufficiently specific to enable the courts to determine whether such decisions are based on such findings, otherwise the courts would be helpless in their efforts to determine that question. *Public Utilities Com.* v. *Springfield Gas Co.* 291 Ill. 209; *Public Utilities Com.* v. *Chicago and West Towns Railway Co.* 275 id. 555; *Wichita Railroad Co.* v. *Public Utilities Com.* 260 U. S. 48.

Appellant contends that as the commission has at all times continuing jurisdiction over its orders, whether appealed from or not, it can amend, alter or rescind the same when circumstances warrant. This power is not here questioned. Nor does the question whether the order of January 26, 1928, was right or wrong arise on this record. That matter is pending in another court on appeal from that order. The question here is whether the record made by the commission on September 19 shows the necessary findings to support the order entered and whether such order is reasonable. Section 67 provides that "the commission may at any time, upon notice to the public utility affected, and after opportunity to be heard as provided in the case of complaints, rescind, alter or amend any rule, regulation, order or decision made by it." Section 65, as we have heretofore pointed out, requires that the orders of the commission be based on findings of fact. This statutory requirement is applicable to orders rescinding a prior order. (*Interstate Commerce Com.* v. *Louisville and Nashville Railroad Co.* 227 U. S. 88; *Farmers' Elevator Co.* v. *Chicago, Rock Island and Pacific Railway Co.* 266 Ill. 567.) Before the commission could lawfully rescind its order of January 26 it was necessary that it make a finding of facts different from the finding of facts on which the original order was entered, and that the facts as found in the original order were erroneous, or that since the entry thereof conditions had changed to such an extent that the facts and conditions as they existed at the time of the rescinding order were different, or that a mistake as to the law had been

made, and enter findings of facts applicable to the then conditions. This the commission failed to do, and there is nothing in the record before us authorizing the entry of an order rescinding the order entered January 26. It is not given to the commission to determine the public policy of the State. (*Public Utilities Com.* v. *Bartonville Bus Line,* 290 Ill. 574.) The finding that the operation of motor bus service as an extension of street car service is not desirable as a matter of public policy is a finding in a field which the commission may not enter..

Appellant urges that the judgment of the circuit court should be reversed for the further reason that the order of September 19 also involved a consideration of the petition of the Chicago Railways Company to finance the motor bus extension. The question is not whether the commission had authority to consider such a petition, but whether it complied with the law in its order with reference to the petition of the railways company. As we have seen, the fourth purported finding of the commission in its order of September 19 was that the supplemental application of the railways company praying for leave to expend from its portion of the special equipment fund an amount up to $336,000 should be denied. There appears in the order of the commission reference to a previous order of that body entered on November 18, 1926, in which the Chicago Railways Company was permitted to withdraw from that fund a sufficient amount to equip an auxiliary motor bus service on Diversey avenue and that the matter came before the commission in the nature of an emergency, and no extensive consideration was given at that time "to the question of whether the commission should favor, as a measure of general policy, such auxiliary motor bus operation by the street railways company operating in Chicago." The order also recites that "the commission, after consideration of the use of this fund since the time of its creation, believes that the experience has shown that the fund is reasonably re-

quired for the purpose and acquisition of additional street car equipment and construction of street railway tracks, and that it would not be desirable to make any extensive use of this fund for other purposes." This does not constitute a finding of fact, nor does the record disclose any facts which showed the experience of past years. There is no evidence that this fund might not be sufficient in the future to supply motor bus extension needs as well as the needs of street car equipment. The weakness inherent in the order of the commission relating to its previous order of January 26 obtains here. It does not appear that the commission asked for evidence as to the fund or whether it would be sufficient to meet both needs.

It is also earnestly argued by appellant that the commission was justified in entering its order of September 19 because the charter of the Chicago Railways Company did not authorize or permit it to carry passengers by motor bus service, and that, if the commission found from the charter that it had no such power, it was proper that the commission set aside the order granting such right to the railway company. There is no evidence in this record as to what the charter powers of the Chicago Railways Company are. It was organized under the Corporation act of 1872. While a statement appears in the briefs of counsel for the motor coach company and in their petition for rehearing on the original order of January 26 that the charter of the Chicago Railways Company does not permit it to engage in motor bus service, that charter is not in this record. If that question has been properly raised on appeal by the motor coach company from the order entered January 26, 1928, it will be decided in that case, but that question does not arise on this record.

We are of the opinion that the circuit court did not err in setting aside the order of the commission entered on September 19, 1928, and its judgment is affirmed.

*Judgment affirmed.*