(No. 19152.—
THE CHICAGO AND EASTERN ILLINOIS RAILWAY COMPANY, Appellant, *vs.* THE ILLINOIS COMMERCE COMMISSION, Appellee.

*Opinion filed December 20, 1928.*

JOHN F. CONNORS, (KENNETH L. RICHMOND, of counsel,) for appellant.

OSCAR E. CARLSTROM, Attorney General, and H. A. EVANS, (ALBERT D. RODENBERG, of counsel,) for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

On May 12, 1922, appellant, the Chicago and Eastern Illinois Railway Company, filed its petition with the Illinois Commerce Commission, asking leave to discontinue and close its station maintained on its line of railway at Boaz, Massac county. A hearing was had on this application June 8, 1922, at which time evidence was submitted. November 10, 1927, the commission entered an order denying appellant's petition and ordering and directing that appellant maintain its station and continue its agency at Boaz. On December 15, 1927, appellant filed with the commission an application for a rehearing, which application was denied December 21, 1927. An appeal was taken by appellant to the circuit court of Massac county, which court on May 5, 1928, confirmed the order and decision of the commission, from which judgment of confirmation appellant has appealed to this court.

The basis of appellant's prayer for relief as stated in its petition is, that the cost of maintaining and operating the depot building and maintaining the agency during the period from January 1, 1921, to April 1, 1922, was approximately $1810.15, or an average per month of approximately $120.68, and that the total revenue derived from the operation of the depot building and agency during the fifteen-months period amounted to approximately $2431.92, and that if it was obliged to continue furnishing such service at Boaz it would result in continual losses to it.

It is contended by appellant that it is entitled to a compensatory net revenue for its services to its patrons; that it is entitled to a profit on business originated at each of its stations; that when conclusions are based on cost the entire cost must be taken into account, and that the police power of the State must be exercised in a manner which will not result in confiscation without remuneration. These ques-

tions we are not called upon to decide. The only question before us is whether or not, under the petition filed by appellant and the evidence submitted by it, it is entitled to the relief prayed for in the petition. When a petition is filed before the Commerce Commission the allegations of the petition must be broad enough to justify the relief sought, and before the relief can be granted by the commission the petitioner must show, by a preponderance of the competent evidence, that it is entitled to the relief sought. In the instant case appellant in its proof limited itself to the amount of receipts and expenditures at the Boaz station from January 1, 1921, to March 31, 1922, and the local situation at Boaz. There is no allegation in the petition and no evidence in the record of the gross revenues and expenses of appellant, its gross overhead expenses or the amount charged to depreciation. The evidence submitted showed that the receipts of the station for the period mentioned were $618.78 in excess of the expenditures. The petition for a rehearing stated no new evidentiary or ultimate facts as to whether or not the station and agency were being operated at a loss. It contained no statement of any receipts or expenditures of the Boaz station and no statement of the gross revenues and expenditures of the company, costs of depreciation and overhead expenses, or percentage or amount of depreciation properly chargeable from its station at Boaz.

Appellant not having stated in its petition or proven by evidence facts sufficient to entitle it to the relief sought, the Commerce Commission was justified in denying the relief sought.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*