(No. 19443.—

THE KEWANEE AND GALVA RAILWAY COMPANY *et al.* Appellants, *vs.* THE COMMERCE COMMISSION *ex rel.* The Dohrn Transfer Company, Appellee.

*Opinion filed June 20, 1930—Rehearing denied October 8, 1930.*

J. C. JAMES, RUSSELL B. JAMES, THOMAS J. WELCH, J. A. CONNELL, and HAMILTON, HOLTGREVE & KLATT, (E. BENTLEY HAMILTON, and KENNETH F. BURGESS, of counsel,) for appellants.

HARRY E. BROWN, and ARTHUR G. HIGGS, for appellee.

Mr. COMMISSIONER EDMUNDS reported this opinion :

The Illinois Commerce Commission granted to the Dohrn Transfer Company (hereinafter designated as appellee) a certificate of convenience and necessity, and the order of the commission was confirmed by the circuit court of Henry county. This appeal by the Chicago, Burlington and Quincy Railroad Company and the Kewanee and Galva Railway Company followed.

The petition filed with the Commerce Commission alleges that appellee desires to operate as a motor carrier for the transportation of property between Rock Island, Moline, East Moline, Silvis, Colona, Geneseo, Atkinson, Annawan, Mineral, Sheffield, Neponset, Kewanee, Galva, Bishop Hill, Cambridge, Andover, Lynn Center, Orion and Coal Valley, and that the Chicago, Burlington and Quincy Railroad Company and the Kewanee and Galva Railway Company, together with certain other carriers named as parties respondent, are engaged in rendering transportation service between two or more of the aforesaid municipalities or local service within one or more of them. The proposed route of appellee, as well as the location of the other carriers already operating in the territory, is shown by a map attached to the petition and made a part thereof. This map shows that appellee's proposed route parallels the line of the Chicago, Rock Island and Pacific Railway Company from Rock Island to Sheffield, passing through the intermediate communities of Moline, East Moline, Silvis, Geneseo, Atkinson, Annawan and Mineral. From Sheffield the proposed route runs southwesterly to Galva, passing through the intermediate communities of Neponset and Kewanee and paralleling the line of appellant the Chicago, Burlington and Quincy Railroad Company from Neponset to Kewanee. The lines of appellants the Chicago, Burlington and Quincy Railroad Company and the Kewanee and Galva Railway Company parallel each other between Kewanee and Galva. The proposed route of appellee between Kewanee and Galva fol-

268

lows State bond issue route No. 28, which does not exactly parallel the lines of appellants between those communities. From Galva appellee's proposed route runs northwesterly to Cambridge, passing through the intermediate community of Bishop Hill and paralleling the Rock Island-Peoria branch of the Chicago, Rock Island and Pacific Railway Company. From Cambridge it runs westerly to Lynn Center, passing through the community of Andover, which has no railroad. From Lynn Center the proposed route runs northerly to Moline and Rock Island, passing through the intermediate communities of Orion and Coal Valley. Lynn Center and Orion are both on the Rock Island-Galesburg branch of the Chicago, Burlington and Quincy Railroad Company, while Orion and Coal Valley are both on the Rock Island-Peoria branch of the Chicago, Rock Island and Pacific Railway Company.

Appellants contend at the outset that the order entered by the Commerce Commission is fatally defective because it does not make a sufficient finding of facts upon the principal issues of the case. The only findings pertinent to the issue of public convenience and necessity are as follows: "That the existing facilities for the transportation of property between Rock Island, Moline, East Moline, Silvis, Colona, Geneseo, Atkinson, Annawan, Mineral, Sheffield, Neponset, Kewanee, Galva, Bishop Hill, Cambridge, Andover, Lynn Center, Orion and Coal Valley are inadequate and insufficient for the convenience and necessity of the public and that the public utilities now occupying some parts of this territory cannot reasonably be required to provide the necessary frequency of service; that the public convenience and necessity require the operation of motor vehicles for the transportation of property between the points hereinabove named, and that a certificate of convenience and necessity for such operation should be issued to the Dohrn Transfer Company." The order then proceeds to grant appellee a certificate of convenience and necessity to operate

a motor carrier for the transportation of property between all the above named municipalities.

Section 65 of the Commerce Commission act (Cahill's Stat. 1929, chap. 111a, par. 84,) requires that the commission make and enter findings of fact concerning the subject matter inquired into and enter its order based thereon. This provision constitutes an imperative requirement that the commission make findings of fact upon the principal issues of the case, and such findings must be specific enough to enable the court to review intelligently the decision of the commission and ascertain if the facts on which the commission has based its order afford a reasonable basis for it. If they do, the facts found may be re-examined in connection with the evidence to determine if they are substantially supported by the evidence, but the court will not enter upon an independent investigation of the evidence to develop new facts not found by the commission, to sustain its order. *Chicago Railways Co.* v. *Commerce Com.* 336 Ill. 51; *Business Men's Ass'n* v. *Commerce Com.* 337 id. 149; *Atchison, Topeka and Santa Fe Railway Co.* v. *Commerce Com.* 335 id. 624.

The order here involved purports to grant a certificate of convenience and necessity to operate a freight transportation line between nineteen different communities. Appellee's petition shows that only one of these communities is not now served directly by railroad transportation and several of them are served by more than one rail carrier. The findings made by the commission express a mere conclusion that the present facilities for the transportation of property between all these communities are inadequate and insufficient for the convenience and necessity of the public and that public convenience and necessity require the operation of motor vehicles for the transportation of property between said communities. These findings are not specific enough to enable the court to review intelligently the decision of the commission and ascertain if the facts on which the com-

mission has based its order afford a reasonable basis for it, (*Public Utilities Com.* v. *Springfield Gas Co.* 291 Ill. 209; *Northern Illinois Traction Co.* v. *Commerce Com.* 302 id. 11; *Atchison, Topeka and Santa Fe Railway Co.* v. *Commerce Com. supra;*) and the order is therefore void. *Chicago Railways Co.* v. *Commerce Com. supra; Wichita Railroad and Light Co.* v. *Public Utilities Com.* 260 U. S. 48.

The judgment of the circuit court of Henry county is reversed and the order of the Commerce Commission is set aside and the cause is remanded to the circuit court, with directions to remand it to the Commerce Commission for further proceedings, with permission to both parties to introduce further evidence if they be so advised.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Edmunds is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Reversed and remanded, with directions.*