(No. 20975.—

THE CHICAGO, ROCK ISLAND AND PACIFIC RAILWAY COMPANY, Appellant, *vs.* THE COMMERCE COMMISSION, Appellee.

*Opinion filed December 17, 1931.*

CARL A. MELIN, HARRY E. BOE, and DANIEL TAYLOR, for appellant.

Mr. JUSTICE HEARD delivered the opinion of the court:

By this appeal, appellant, the Chicago, Rock Island and Pacific Railway Company, seeks to have reviewed a judgment of the circuit court of Henry county confirming, on appeal, an order of the Illinois Commerce Commission denying the petition of appellant to discontinue its agency at Green River station and in lieu thereof to make the same a prepay station and substitute a custodian for an agent.

In its petition appellant alleged, among other things, that at a point on its line of railroad located approximately nine miles west of Geneseo and two miles east of Colona, both of which are stations on its line of railroad, it maintains a station known as Green River, at which it employs an agent for the exclusive convenience and accommodation of persons living in the immediate vicinity of said station who have business to transact with appellant; that the station of Green River is not situated within any incorporated city or village, and that the community immediately surrounding the station consists of a population of approximately eighty-four inhabitants, one general store, one lumber yard and one blacksmith shop; that appellant's business at Green River Station has steadily diminished; that the practical, good and economical conduct of the railway company's business transacted at said station no longer justified the employment or maintenance of an agent; that gross revenues at said station for the five years ending January 1, 1930, aggregated $30,664.95, as against a total of $30,339.04 for expenses properly chargeable to the station during said period, leaving a surplus for said five years of $325.91—an average of $65.18 per year—and that an actual deficit existed at said station during the years 1925, 1927 and 1929 and for the first quarter of 1930.

The commission in its order found "that Green River is an unincorporated community in Henry county, Illinois, with approximately one hundred inhabitants at and in the immediate vicinity thereof; that during the year 1929 the total revenue at said station was $5576.11 and that the expense of operating said station was $1517.60, and that the revenue and expense at said station for the first six months of 1930 are, proportionately, approximately the same; that the convenience and necessity of the public require the maintenance of petitioner's station at Green River, Henry county, Illinois, as an agency station; that the prayer of the petitioner should be denied."

Section 65 of the Commerce Commission act requires that the commission make and enter findings of fact concerning the subject matter inquired into and enter its order based thereon. This is a mandate that the commission make findings of fact upon the principal issues of the case, and that such findings must be sufficiently specific to enable the court to intelligently review the decision of the commission and ascertain if the facts upon which the commission has based its order afford a reasonable basis for such order. If they do, the facts found may be re-examined, in connection with the evidence, to determine if they are substantially supported by the evidence, but the court will not enter upon an independent investigation of the evidence to develop new facts not found by the commission to sustain its order. (*Business Men's Ass'n* v. *Commerce Com.* 337 Ill. 149; *Chicago Railways Co.* v. *Commerce Com.* 336 id. 51; *Atchison, Topeka and Santa Fe Railroad Co.* v. *Commerce Com.* 335 id. 624; *Public Utilities Com.* v. *Springfield Gas Co.* 291 id. 209.) The findings of fact that during the year 1929 the total revenue of the station was $5576.11 and that the expense of operating it was $1517.60 and that the revenue and expenses of the station for the first six months of 1930 are, proportionately, approximately the same, are a conclusion from the evidence, which does not state the manner in which the commission arrived at such conclusion and is not in accord with *Chicago and Eastern Illinois Railway Co.* v. *Commerce Com.* 333 Ill. 215. The finding "that the convenience and necessity of the public require the maintenance of petitioner's station at Green River, Henry county, Illinois, as an agency station" is simply a conclusion drawn from all the evidence that the agency should be maintained without any finding of fact from which the conclusion can be reached, and it is not definite enough to justify any order based thereon. *Kewanee and Galva Railway Co.* v. *Commerce Com.* 340 Ill. 266; *Chicago Railways Co.* v. *Commerce Com. supra.*

The judgment of the circuit court of Henry county is reversed, the order of the Commerce Commission is set aside and the cause is remanded to the circuit court, with directions to remand it to the Commerce Commission for further action.  *Reversed and remanded, with directions.*