(No. 21993.—

The Louisville and Nashville Railroad Company, Appellant, *vs.* The Commerce Commission *ex rel.* The Village of Belle Rive, Appellee.

*Opinion filed October 21, 1933.*

Charles P. Hamill, for appellant.

Frank G. Thompson, for appellee.

Mr. Justice Shaw delivered the opinion of the court:

Appellant, the Louisville and Nashville Railroad Company, filed its petition with the Illinois Commerce Commission on September 21, 1932, for an order granting permission to operate its station at Belle Rive, Illinois, as a non-agency station. Upon a hearing the commission denied the prayer of the petition and also denied a rehearing. An appeal was taken to the circuit court of Jefferson county,

which confirmed the order of the commission, and the cause is before this court on appeal from that final order.

Appellant alleged in its petition, among other things, that the village of Belle Rive is located in Jefferson county, Illinois; that it has a population of approximately 270 inhabitants, and that on account of the falling off of business in the last few years the station is being operated at a loss. It was further alleged that all of the business of the station could be adequately handled, without any disadvantage to the public, by its operation on a pre-pay basis, in charge of a caretaker.

The evidence shows that in 1929 the revenue at Belle Rive was $9128.41 with operating expenses of $8920.28, leaving a net revenue of $208.13. In the year 1930 the revenue decreased to $4995.75 and operating expenses decreased to $5769.47, leaving a deficit of $773.72. In the year 1931 the revenue was $2887.55 and operating expenses $4027.23, leaving a deficit of $1139.68. For the first six months of 1932 the revenue was $670.26 and operating expenses $1303.07, leaving a deficit of $632.81 for the six-month period. The evidence further shows that Belle Rive is located on State Bond Issue Route 142, which runs approximately sixty feet from appellant's station. The testimony of appellant's superintendent was to the effect that the proposed caretaker would keep the station open and accept and deliver freight, and that there would be no difference in passenger fares charged. Appellant also showed by the testimony of its trainmaster that not one car-load of freight was shipped from this station in the year 1932 up to the date of the hearing before the Commerce Commission. The only evidence introduced by appellee was a list of churches, schools, railroads, fraternal orders and places of business located in Belle Rive. The commission in its order found "that public convenience and necessity require that the petitioner should maintain an agency station at Belle Rive, Illinois."

Section 65 of the Public Utilities act (Cahill's Stat. 1931, par. 84,) requires that the commission make and enter findings of fact concerning the subject matter inquired into and enter its order based thereon. This is a mandate that the commission make findings of fact upon the principal issues of the case, and that such findings be sufficiently specific to enable the court to intelligently review the decision of the Commerce Commission and ascertain if the facts upon which the commission has based its order afford a reasonable basis for such order. If they do, the facts found may be re-examined, in connection with the evidence, to determine if they are substantially supported by the evidence, but this court will not enter upon an independent investigation of the evidence to develop facts not found by the commission to sustain its order. (*Chicago, Rock Island and Pacific Railway Co.* v. *Commerce Com.* 346 Ill. 412; *Kewanee and Galva Railway Co.* v. *Commerce Com.* 340 id. 266; *Business Men's Ass'n* v. *Commerce Com.* 337 id. 149.) Nowhere in its findings did the Commerce Commission state any facts which would show why the appellant should maintain an agency station in order to properly serve the public convenience and necessity. The finding made by the commission expresses a mere conclusion, not based upon any facts found by it, and is not a sufficient basis for any order either by the commission or this court.

The judgment of the circuit court of Jefferson county is reversed and the cause is remanded to the circuit court, with directions to remand it to the Commerce Commission to make definite and specific findings of fact in accordance with the mandate of the statute.

*Reversed and remanded, with directions.*