(No. 23466.—

THE PEOPLE *ex rel.* The Commerce Commission, Appellee, *vs.* THE DOHRN TRANSFER COMPANY, Appellant.

*Opinion filed April 24, 1936.*

HARRY E. BROWN, and ARTHUR G. HIGGS, for appellant.

OTTO KERNER, Attorney General, and E. BENTLEY HAMILTON, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

This in an appeal from a decree of the circuit court of Peoria county granting an injunction against the defendant, the Dohrn Transfer Company, from operating motor vehicles as a public utility for transportation of property

within and between certain specified municipalities until defendant shall have obtained from the Commerce Commission a certificate of public convenience and necessity.

Prior to the institution of this proceeding the Commerce Commission in June, 1927, granted the defendant a certificate to operate between some of said municipalities, but this court in *Kewanee and Galva Railway Co.* v. *Commerce Com.* 340 Ill. 266, reversed the order of the commission because it did not contain a sufficient finding of facts. The cause was remanded to the commission for further proceedings, with permission to both parties to introduce further evidence. The defendant offered no additional proof before the commission, and an order was entered by that body refusing to grant a certificate of convenience and necessity. An appeal from this order to the circuit court of Henry county was taken, but the cause has never been tried and is still pending. On June 22, 1932, the commission entered an order which recited that the defendant was continuing to operate as a public utility between the points named in the former order and between other points in the State and that it was doing so without a certificate of convenience and necessity. The order directed the defendant to refrain from its operations. The commission thereupon requested the Attorney General to institute injunction proceedings, as provided by the Public Utilities act. The defendant requested a hearing upon the last mentioned order, but such request was denied, and an appeal was taken to the circuit court of Henry county, where it is now pending. On this appeal the defendant has expressly waived all questions of fact and only legal questions are presented.

It is contended that the order of the commission entered June 22, directing the defendant to cease operations between specified localities and requesting the Attorney General to institute proceedings for an injunction, is void because no notice of such hearing was given the defendant

nor was it permitted to appear and be heard. It is also urged as a matter of law that inasmuch as the commission's order found that the defendant was unlawfully operating as a public utility in the counties of Rock Island, Henry and Bureau the Attorney General had no right to bring the suit in Peoria county, as his authority was limited· by the terms of the commission's request. The bill filed by the Attorney General alleged that the defendant was operating as a public utility without permission so to do in Peoria county and several other counties. The waiver of all questions of fact by the defendant constitutes an admission that the defendant is operating in Peoria county. Under section 75 of the Public Utilities act (Ill. State Bar Stat. 1935, chap. 111a, par. 94,) a suit of this character may be brought in any county where the case, or some part thereof, arose.

We will consider whether or not it was necessary for the commission to give the defendant notice and opportunity to be heard upon the order of June 22. It goes without saying that upon an application for the issuance of a certificate of public convenience and necessity the applicant has a right to be heard. In a large number of instances, such as adjusting rates and ordering service discontinued or enlarged, a hearing upon notice is essential. But this is not such a case. An application was made by the defendant for a certificate, and that application was denied after a hearing. An appeal from that order is pending and undetermined. Nevertheless, the defendant is engaged in the operation of a public utility without any lawful permission to do so. The law is clear that it has no such right, and it would be futile to have a hearing to determine whether or not the company was operating as a public utility without a certificate when in this very case it comes into court and admits that it is doing it. Moreover, section 65 of the Public Utilities act provides: "Nothing in this act shall be taken to limit or restrict the power of the commission,

summarily, of its own motion, with or without notice, to conduct any investigations or inquiries authorized by this act, in such manner and by such means as it may deem proper, and to take such action as it may deem necessary in connection therewith." The manifest purpose of the proceedings of June 22 was to institute an action under section 75 to enforce the law. Under section 65 no notice thereof was required. That portion of the order requiring the defendant to desist from operating until a certificate was procured was unnecessary and does not affect the validity of the proceedings. Moreover, the statute does not require an order in such cases. Any action by the commission showing its purpose is sufficient. The proceedings of the commission for the bringing of this suit were not void for want of notice.

The contention that the appeal from the order of June 22 to the circuit court of Henry county deprived the circuit court of Peoria county of jurisdiction in this case cannot be sustained. Section 68, which provides that the court first acquiring jurisdiction of an appeal shall retain it, applies only to appeals from any rule, regulation, order or decision of the commission in which a hearing may be had on notice. It is not designed to apply to preliminary inquiries on the question of bringing enforcement proceedings. While section 65 allows an application to the commission for a hearing in cases where an order may be made without notice, the commission may, in its discretion, grant or deny the application, and no appeal from such action is provided. Therefore the appeal did not operate as a bar to this proceeding.

The claims that the defendant's rights under the due process clause of the constitution were violated because no costs can be assessed against the State, and that the master in chancery to whom the cause was referred had a substantial and pecuniary interest in reaching a conclusion against it, are untenable. The master is not the final arbiter in the

controversy. His findings are but recommendations and the court is not bound by any of them. Cases in which the fees of a magistrate empowered to assess penalties are dependent upon conviction are not applicable here.

The decree of the circuit court is right, and is accordingly affirmed.

*Decree affirmed.*