(No. 35512.—

BRINKER TRUCKING COMPANY *et al.,* Appellants, *vs.* ILLINOIS COMMERCE COMMISSION *et al.,* Appellees.

*Opinion filed March 31, 1960.*

House, C.J., dissenting.

MACK STEPHENSON, of Springfield, (MELVIN N. ROUTMAN and ROBERT T. LAWLEY, both of Springfield, of counsel,) for appellants.

GRENVILLE BEARDSLEY, Attorney General, of Springfield, and HARRY R. BEGLEY, Special Assistant Attorney General, (WILLIAM J. SHERIDAN, JR., Special Assistant Attorney General, of counsel,) for appellee The Illinois Commerce Commission, and DRACH, HOWARTH & TERRELL, of Springfield, and SAM SCHNEIDMAN, of Quincy, (GEORGE E. DRACH, of counsel,) for appellee Anton Vidas.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Anton Vidas, doing business as Vidas Transfer Lines, filed an application with the Illinois Commerce Commission for an extension of operating authority as a common carrier. A hearing was held and an order was entered granting the requested extension. Thereafter certain competing carriers by motor vehicle, who had participated in the proceedings before the commission as parties in opposition to the application, appealed to the circuit court of Adams County. At the hearing in the circuit court it was stipulated by the parties that "the sole issue relates to the question of whether or not the alleged findings contained in the order are in conformity with Section 65 of the Public Utilities Act, and as incorporated by Section 25 of the Motor Carrier Property Act." Upon review the circuit court confirmed the order of the Commerce Commission, and a further appeal has been taken to this court.

Appellee Vidas has been engaged in the motor transportation of property from a base point at Quincy, Illinois, since 1922. He holds a certificate of convenience and necessity, under the Illinois Motor Carrier of Property Act, by which his authority is limited to specifically named commodities. The present order authorizes him to render transportation service covering general commodities, including household goods and excepting dangerous explosives, as a common or contract carrier by motor vehicle in intrastate commerce within a fifty mile radius of Quincy, and to transport such property to or from any point outside of such area for a shipper or shippers within the area. At the hearing before the commission he introduced the testimony of himself and nine other witnesses relating to fitness, convenience and necessity. None of the testimony has been abstracted by the appellants, and no contention is made that the evidence is insufficient to support the order. The sole objection made is that it fails to contain findings of fact sufficiently specific to constitute a basis for the relief granted.

The order contains the following numbered findings: "1. that the Illinois Commerce Commission has jurisdiction of the subject matter hereof and of the parties hereto and that such jurisdiction has been properly invoked; 2. that Public Notice was published by Applicant in accordance with Section 19(c); 3. that Applicant is fit, willing and able to provide the additional proposed service; ·4. that sufficient evidence, both oral and documentary, was presented to establish proof for the need of the proposed service and the proposed service is consistent with public interest, and 5. that Applicant's prayer contained in Application for Extension should be granted as hereinafter specified."

Appellants argue that such findings are not specific enough to enable a court to determine whether the order is warranted by the facts, and that they fail to reveal the

basis of the commission's decision. Section 65 of the Public Utilities Act (Ill. Rev. Stat. 1959, chap. 111⅔, par. 69,) which is adopted by reference in section 25 of the Illinois Motor Carrier of Property Act (Ill. Rev. Stat. 1959, chap. 95½, par. 282.25), requires the commission to "make and render findings concerning the subject-matter and facts inquired into and enter its order based thereon."

Under this section it is mandatory that the commission make findings of fact upon the principal issues of the case; and such findings must be sufficiently specific to enable a court to intelligently review the decision of the commission and ascertain whether the facts found afford a reasonable basis for the order entered. (*Illinois Central Railroad Co.* v. *Commerce Com.* 411 Ill. 526; *Chicago & West Towns Railways, Inc.* v. *Commerce Com.* 397 Ill. 460.) If the findings support the order, then the court examines the evidence to ascertain if the facts found are supported thereby; but if the findings do not support the order, then the court is not called upon to examine the evidence to determine whether it discloses facts which, if they had been found by the commission, would sustain its decision. (*Illinois Commerce Com.* v. *New York Central Railroad Co.* 398 Ill. 11.) The court will not enter upon an independent investigation of the evidence to develop new facts, not found by the commission, to sustain its order. *Chicago, Rock Island and Pacific Railway Co.* v. *Commerce Com.* 346 Ill. 412; *Kewanee and Galva Railway Co.* v. *Commerce Com. ex rel. Dohrn Transfer Co.* 340 Ill. 266.

In the proceedings now under review the order is insufficient in that it fails to show that the commission, from the evidence produced at the hearing, made specific findings of fact upon which to base the extension of authority. Findings 1 and 2 merely set forth the jurisdiction of the commission, and do not concern any substantive issues in the case. The third finding, that applicant is fit, willing and able to provide the proposed service, states a mere

conclusion from the evidence, and fails to disclose the manner in which the commission arrived at such conclusion. The fourth finding simply expresses the conclusion that enough evidence was presented to show a need for the proposed service and that it is consistent with public interest. It fails to contain any finding of fact from which the conclusion can be reached, and is too indefinite to justify an order based thereon. The fifth and final finding is nothing more than a recitation that the application should be granted. This court from such broad generalizations cannot intelligently review the decision of the commission, nor can it ascertain whether the facts on which the order was based provide a reasonable basis for it. While it is not necessary that a particular finding be made as to each evidentiary fact or claim (*Chicago Junction Railway Co.* v. *Commerce Com.* 412 Ill. 579), the findings must consist of more than a mere reference to the evidence, and must be sufficiently specific to disclose the basis for the order. The commission and not the court is the fact-finding body, and unless the commission makes and renders findings on ultimate facts the court is helpless to determine whether the order has a basis in the facts. *Peoples Fruit and Vegetable Shippers Ass'n* v. *Commerce Com. ex rel. Illinois Central Railroad Co.* 351 Ill. 329.

The judgment of the circuit court of Adams County is reversed, the order of the Commerce Commission is set aside, and the cause is remanded to the circuit court, with directions to remand it to the Commerce Commission for further findings.

*Reversed and remanded, with directions.*

Mr. CHIEF JUSTICE HOUSE, dissenting.