**RAILROAD COMMISSION of Texas et al., Appellants,**

v.

**WALKER TRANSFER & STORAGE COMPANY et al., Appellees.**

**No. 11423.**

Court of Civil Appeals of Texas.

Austin.

July 13, 1966.

Rehearing Denied Aug. 24, 1966.

Waggoner Carr, Atty. Gen., Hawthorne Phillips, First Asst. Atty. Gen., T. B. Wright, Executive Asst. Atty. Gen., Howard Fender, Sam Kelley, Asst. Attys. Gen., Austin, Dan Felts, Austin, for appellants.

James, Robinson & Starnes, Phillip Robinson, Austin, for appellees.

PHILLIPS, Justice.

This appeal involves the question of the validity of an order of the Railroad Commission issued by authority of the Motor Carrier Act, Art. 911b, and specifically, whether the Commission complied with the fact findings requirements of Section 5a (d), Vernon's Ann.Civ.St. of said Act.

After trial to the court, appellees' motion for judgment was granted, the order of the Commission was declared void and set aside and appellant McNeil (the recipient of the authority under said order) was permanently enjoined from conducting any operations thereunder.

We affirm this judgment.

Appellants are before this Court on a single point of error being that of the trial court in granting appellees' motion for judgment because the orders of the Railroad Commission herein attacked contain sufficient findings of basic facts required by the Motor Carrier Act, Art. 911b, V.C.S.

We overrule this point.

The Commission's order under review, dated July 9, 1964, granted an application to appellant McNeil to amend his specialized Motor Carrier Certificate No. 15183 so as to authorize, in addition to the authority previously contained in said certificate, a new and additional authority as a specialized motor carrier to transport grain in bulk within a prescribed radius of two additional cities in Texas.

That portion of the Commission's order under review here are two sentences inserted into the Commission's pre-printed form order dated July 9, 1964 which read as follows:

"Because of the seasonal nature of the transportation of this commodity numerous transportation facilities are necessary to adequately serve the shipping public and in almost every instance and in every season certificated carriers are required to lease equipment in order to fulfill the

transportation requirements of their shippers. For these reasons, the Commission finds the public convenience and necessity requires the granting of this application."

Section 5a(d), after specifically referring to applications for a certificate of convenience and necessity authorizing operation as a "Specialized Motor Carrier," states:

"The order of the Commission granting said application and the certificate issued thereunder shall be void unless the Commission shall set forth in its order full and complete findings of fact pointing out in detail the inadequacies of the services and facilities of the existing carriers, and the public need for the proposed service."

■ In the absence of full, complete and detailed findings of fact, this statute declares the Commission's order void, and in a direct attack such as we have here, the statutory language warrants judgment by a reviewing court setting aside an order that fails to meet these mandatory fact-finding requirements. See Thompson v. Railroad Commission, 150 Tex. 307, 240 S.W.2d 759.

This case is controlled by the rule announced by the Supreme Court in Miller v. Railroad Commission, 363 S.W.2d 244, wherein the following finding was declared inadequate under the above cited Section of Art. 911b:

"The commission further finds as a fact from the evidence that the existing specialized motor carrier service is inadequate in that the service is not available when needed, and further, that trucks and facilities are not available when needed."

In Miller the Court stated:

"[4, 5]   We hold that the findings do not meet the requirements of the statute. The statements that 'service is inadequate in that the service is not available when needed' and 'trucks and facilities are not available when needed' do not provide sufficient findings of basic facts from which the courts can determine if reasonable grounds existed for issuance of the order. This court has neither the right nor the ability to lay out a precise form of findings to be made by the Commission. They should be such that a court upon reading them can fairly and reasonably say that they either do or do not support the required ultimate statutory findings of inadequacy of the services and facilities of existing carriers and a genuine public need for the proposed service. Brinker Trucking Co. v. Illinois Commerce Commission, 19 Ill. 2d 354, 166 N.E.2d 18. The sufficiency of findings to meet the requirements of the statute must be related to the issues and the evidence in each case separately. Writings in 33 Texas Law Review 650, 146 A.L.R. 209 and Davis on Administrative Law, Vol. 2, p. 444, et seq. are informative."

■ To paraphrase the Supreme Court in Miller, the statement in the Commission's findings here that because of the seasonal nature of the transportation of the commodity numerous transportation facilities are necessary to serve the shipping public and in almost every instance and in every season certificated carriers are required to lease equipment in order to fulfill the transportation requirements of their shippers, do not meet the requirements of the statute.

This Court cannot determine from these findings, standing alone, whether reasonable grounds exist for issuance of the order. The two broad generalizations urged by appellants in support of the Commission's conclusions and order are not of a nature specific enough so that a court, upon reading them, can fairly and reasonably say that they either do or do not support the required ultimate statutory findings of inadequacy of the services and facilities of existing carriers and a genuine public need for the proposed service. They are not shown to

relate in any material respect to the evidence in the case, as opposed to the evidence in bulk grain cases generally, and they do not meet the requirements of Section 5a(d).

The judgment of the trial court is affirmed.

Affirmed.