RACHEL G. KING, Trustee, *et al.*, Plaintiffs-Appellants, *v.* ILLINOIS COMMERCE COMMISSION *et al.*, Defendants-Appellees.

Fourth District   No. 12988

Opinion filed June 24, 1976.

D. Cameron Dobbins, of Dobbins, Fraker & Tennant, of Champaign, for appellant Rachel King.

Dennis K. Muncy, of Meyer, Capel, Hirschfeld, Muncy, Jahn & Aldeen, of Champaign, for appellants Marry Ellen Timmons and Mary Trenchard Timmons.

Harold A. Baker, of Hatch, Corazza, Baker & Jensen, of Champaign, and Nicholas J. Neiers and E. Wayne Schroeder, both of Samuels, Miller, Schroeder, Jackson & Sly, of Decatur, for appellee Illinois Power Company.

William J. Scott, Attorney General, of Chicago (James R. Sullivan and Hercules F. Bolos, Assistant Attorneys General, of counsel), for appellee Illinois Commerce Commission.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

Plaintiffs appeal from the order of the trial court which found that the Illinois Commerce Commission (herein Commission), had statutory authority to enter its supplemental order in Docket No. 56742 and 57247, that the Commission made adequate findings to support the supplemental order, that the findings of the Commission were supported by the evidence and not against the manifest weight of the evidence. The court further found that there was a partial rescission of a lawful certificate (of necessity and convenience) issued by the Commission, and that the order at issue was not a certificate of convenience and necessity for a new or different facility.

The record incorporates an extended sequence of pleadings and proceedings before the Commission culminating in the order on appeal. In October, 1971, pursuant to a petition of the Illinois Power Company (herein Illinois), docketed No. 56742, the Commission granted a certificate of convenience and necessity for a 345 kv electric transmission line extending from Latham in Logan County, to Rising in Champaign County and to Sidney in the same county. From the point of origin the line extended 48 miles to Rising where an appropriate station was to be constructed.

Lesser transmission lines originating at Rising were to be a source of additional power to Champaign-Urbana. From Rising the transmission line extended some 20 miles to Sidney to be connected to an existing station.

So authorized and constructed the transmission line would be a source of additional power for the Sidney station, and was planned as a facility for interconnection with other sources so that service could be maintained by switching to the associated sources upon the occurrence of outages in the Illinois system. The findings and evidence supporting such original certificate are not challenged.

Subsequently, in March 1972, pursuant to a petition filed as Docket No. 57247, an order of the Commission authorized Illinois to acquire right-of-way with authority to proceed under eminent domain and to construct the line.

Plaintiffs were granted leave to intervene in the latter petition. The issues raised by plaintiffs were an alleged failure to negotiate in good faith as to the type of pole structure and the placing of such on the lands of the respective plaintiffs. The land so concerned lies upon the Latham-Rising section of the line.

At the hearings held on the petition, Docket No. 57247, counsel for Illinois advised that the University of Illinois claimed that the Rising-Sidney segment of the line might interfere with the safety requirements of

its Willard Airport, and that it would not proceed with the construction on such segment until the further order of the Commission.

Thereafter, in August, the trustees of the University filed a petition for leave to intervene and for reconsideration in both Docket No. 56742, the proceedings for a certificate of necessity, and Docket No. 57247, the order for construction. The petition set out the factor of hazard arising from the construction of the transmission lines (the Rising-Sidney source) "in the immediate vicinity" of the Willard Airport, and that such construction would unduly restrict the future growth and expansion of that facility. Such petition prayed reconsideration of the certificate of necessity in so far as it pertained to the construction of the line in such "immediate vicinity." In January, 1973, the county board of Champaign filed a similar petition with comparable allegations. Neither are parties to this appeal.

In September, 1972, in Docket No. 57247, the Commission authorized and directed Illinois to proceed and acquire right-of-way and to construct the Latham-Rising, but directed that no construction in any part of the Rising-Sidney segment be commenced without further approval of the Commission. Such order further directed that as to Docket No. 56742, "[A]s it relates to the Rising-Sidney segment of the electric transmission line be reopened for further consideration."

As to Docket No. 57247, plaintiff, King, filed a motion to reconsider such order. That motion was directed to the sufficiency of showing the necessity for eminent domain. The motion was denied. We find no similar motion as to plaintiffs, Timmons.

In January 1973, Illinois filed its petition in the reconsolidated proceedings reciting the procedural development and status of the case, and that in Docket No. 57247, the Commission had found *inter alia* that Illinois could defer construction of the Rising segment until further approval of the Commission. Such petition alleged that the construction of the Latham-Rising segment will enable the supply of immediate electrical needs and that interconnection with other systems through the Rising-Sidney segment could be delayed temporarily while a new route or interconnection was designed and obtained. The petition alleged that Illinois would seek a new route for a transmission line to serve the purposes of interconnection with other sources.

The petition prayed that upon such record that the Commission find that the public convenience and necessity does not require the immediate construction and operation of the Rising-Sidney segment as originally proposed and order:

> "[T]hat the Commission's Order and Certificate of Public Convenience and Necessity granted on October 20, 1971, in Docket No. 56742, be altered and modified by rescinding that portion of said Order and Certificate authorizing, ordering and

directing petitioner to construct, operate and maintain the Rising to Sidney portion of the proposed line and providing that such Order and Certificate, as so altered and modified, shall continue in full force and effect."

It further prayed that the entry of such order is without prejudice to the right of Illinois to make such subsequent application for an Order and Certificate of Convenience and Necessity to operate and maintain a transmission line on and over a route other than that originally certificated between Rising and Sidney for interconnection purposes with the Eastern United States.

The supplemental order and certificate at issue entered in the consolidated proceedings recited that the evidence show that the interconnection function served by the Rising-Sidney segment can be temporarily deferred, that action was being taken to discover alternate routes for such interconnection and that there was a continuing need for the electric power traversing the Latham-Sidney segment which remains the feasible and practical route, and that the evidence supports such determinations which are adopted as finding of fact.

The order further finds that the Rising-Sidney segment *over the route heretofore proposed* is not presently required for public convenience and necessity as previously ordered in Docket No. 56742, and that the certificate of public convenience and necessity granted therein should be rescinded in so far as they relate to the construction and the operation of the Rising-Sidney segment, but that such rescission should be without prejudice to the right of Illinois to apply for a line for interconnection purposes "on and over a route other than that heretofore proposed herein," and that subject to such rescission "the orders and the certificate referred to herein both remain in full force and effect and no further action by this Commission with respect thereto is required." The order entered incorporated such finding.

Plaintiffs' argument rests upon a proposition that the order at issue "effectively issued" a certificate of convenience and necessity for the construction of a new and different electrical system than that authorized by the initial order entered in Docket No. 56742, *i.e.*, the line from Latham via Rising to Sidney. From such premise it is argued that the Commission acted beyond the scope of its statutory authority in that there were not sufficient findings upon which a certificate (for a new facility) of convenience and necessity could be issued, or alternatively, that there was not sufficient evidence to support such findings.

The order of the circuit court included a specific finding that the order at issue "did not constitute a new certification of a different facility," and that the Commission had made a legally proper modification by a partial rescission of an existing lawful certificate.

In sum, the record shows that subsequent to the granting of the certificate of convenience and necessity, there was discovered or disclosed to the Commission a substantial conflict between the interest of the public in the electrical service initially found necessary and convenient and the requirements of safety as to Willard Airport. So, in Docket No. 57247, the petition of Illinois for authority to obtain easements and construction was withheld on September 13, 1972, until there was further approval by the Commission.

The fact that Illinois undertook to negotiate a satisfactory accommodation of its interests and that of the University airport is no basis for an inference of abandonment of substantial rights under the initial certificate, or a conclusion that there had been a change of facts determining the necessity of electrical service theretofore ordered. At the time that Illinois filed the petition at issue in January, 1973, it had not received authority to construct the Rising-Sidney segment. As a pleading, the petition alleged that the interconnection function provided by that segment could be deferred, but it was alleged that a different route would be found and designed.

The supplemental order and certificate of public convenience and necessity at issue makes such findings of fact upon the principal issues of the case that are sufficiently specific to enable the court to review intelligently the decision of the Commission and to ascertain if the facts on which the Commission has based its order afford a reasonable basis for such. *Kewanee & Galva Ry. Co. v. Commerce Com.*, 340 Ill. 266, 172 N.E. 706; *Brinker Trucking Co. v. Illinois Commerce Com.*, 19 Ill. 2d 354, 166 N.E.2d 18.

We have examined cases submitted by plaintiffs on the sufficiency of the finding made by the Commission. Plaintiffs do not point out a case which concerns a certificate "may be altered or modified by the Commission, upon its own motion or upon application by the person or corporation affected."[1] Essentially, the cases cited relate to competing utilities and a recission which takes authorized service from a utility holding a certificate and gives to another utility. The cited *Black Hawk Motor Transit Co. v. Illinois Commerce Com.*, 398 Ill. 542, 76 N.E.2d 478, and *Union Electric Company v. Illinois Commerce Com.*, 39 Ill. 2d 386, 235 N.E.2d 604, concern instances where the Commission rescinded, or so modified as to effectively rescind a certificate of convenience and necessity granted to an operating utility without finding a violation of its authority by the utility, without a finding of an error of fact or law in the initial certificate or without a finding that facts and certain circumstances had changed.

Section 68 of "An Act concerning public utilities" (Ill. Rev. Stat. 1973, ch. 111 2/3, par. 72), provides that "the burden of proof upon all issues

---

[1] Ill. Rev. Stat. 1973, ch. 111 2/3, par. 56.

raised by the appeal shall be upon the person or corporation appealing from such rules, regulations, orders or decisions." That section also provides that the questions of fact found by the Commission shall be prima facie correct and "shall not be set aside unless it clearly appears that the finding of the Commission was against the manifest weight of the evidence presented to or before the Commission for and against such rule, regulation, order or decision * * *."

While the plaintiffs point out the answer to an isolated question and argue the interpretation of some of the testimony, it cannot be said that the evidence in the record is insufficient as a matter of manifest weight. By argument plaintiffs seek to establish a standard which would require evidence that the transmission line at issue was "indispensibly requisite." To the contrary, it has been held that "if the service is needful and useful to the public it is necessary." *(Eagle Bus Lines, Inc. v. Illinois Commerce Com.,* 3 Ill. 2d 66, 119 N.E.2d 915.) The consideration of the evidence in terms of the need and use of the service to be provided is primarily the function of the Commission. The finding is not contrary to the manifest weight of the evidence. The record supports a determination that the requirements for electricity supply and for interconnection facility remain as at the time of the original certificate of convenience and necessity, but that upon consideration of the facts relating to Willard Airport, a portion of the route originally certified must be altered and redesigned. Plaintiffs' argument that there can be no possible capability of interconnection without the construction of the Rising-Sidney line is not supported by the record.

The judgment of the circuit court is affirmed.

Affirmed.

CRAVEN and SIMKINS, JJ., concur.