THE PEOPLE *ex rel.* ILLINOIS COMMERCE COMMISSION, Plaintiff-Appellant, v. OPERATOR COMMUNICATION, INC., d/b/a Oncor Communications, Inc., Defendant-Appellee.

First District (4th Division) No. 1—95—1151

Opinion filed June 6, 1996.

James E. Ryan, Attorney General, of Chicago (James E. Weging, Special Assistant Attorney General, of counsel), for appellant.

James R. Figliulo, Carl A. Gigante, and Peter A. Silverman, all of Foran & Schultz, of Chicago, for appellee.

JUSTICE CAHILL delivered the opinion of the court:

This appeal is addressed, not to the merits of the litigation, but to the question of where it must begin. We consider under what circumstances the Illinois Commerce Commission may seek an injunction under section 4—202 of the Public Utilities Act (220 ILCS 5/4—202 (West 1994)) without first affording a public utility a hearing before the Commission. We agree with the trial court's conclusion that a hearing was required in this case, and we affirm the dismissal of the complaint for an injunction.

■ The Illinois Commerce Commission regulates public utilities under the Public Utilities Act (220 ILCS 5/1—101 *et seq.* (West 1994)). The Universal Telephone Service Protection Law of 1985 (Telephone Protection Law) (220 ILCS 5/13—100 *et seq.* (West 1994)) incorporates article X of the Public Utilities Act (220 ILCS 5/10—101 to 10—204 (West 1994)). 220 ILCS 5/13—101 (West 1994). The Telephone Protection Law requires telecommunications carriers, before they can oper-

ate, to file a tariff with the Commission which describes the nature of the service, applicable rates, and other charges. 220 ILCS 5/13—501 (West 1994). Oncor Communications, a carrier under the Public Utilities Act, filed a tariff with the Commission and is now licensed to provide telecommunications services.

The seed of this litigation was planted when employees of the Commission made 25 intrastate telephone calls from 20 different pay telephones in Chicago on February 7, 8, and 9, 1994. Oncor serviced the calls. The employees charged the calls to credit cards and received a bill from Oncor on March 1, 1994. The staff of the Commission analyzed the bill. They then prepared a "Resolution" which was adopted by the Commission on June 10, 1994. The "Resolution" states:

> "[T]he detailed charges from Oncor for pay phone calls made by staff between February 7 and February 9, 1994, and which calls were charged by staff to a credit card, showed for particular calls misstated charges, including charges for services which were not rendered to the staff, earlier start times for calls than those made by staff, longer call durations than those recorded by staff, and in all cases indicated charges which could not be verified by staff based on Oncor's filed tariffs."

The "Resolution" asks the Attorney General to initiate an injunctive proceeding against Oncor.

The Attorney General, prompted by the resolution, filed an action in the circuit court on behalf of the Illinois Commerce Commission against Oncor. The complaint alleges "the Commission found that Oncor is violating Illinois law" according to the "Resolution" prepared and adopted by the Commission on June 10, 1994. The complaint seeks to enjoin Oncor from "charging rates other than those found in its tariffs, charging for operator assisted telephone calls when no operator assistance occurred, and assessing more time than is allowed under its tariffs for intrastate telephone calls."

■ The complaint was filed under section 4—202 of the Public Utilities Act, which is entitled "Mandamus or injunction proceedings at instance of Commission." That section provides:

> "Whenever the Commission shall be of the opinion that any public utility *** is doing anything or about to do anything or permitting anything or about to permit anything to be done, contrary to or in violation of law or any order, decision, rule, regulation, direction or requirement of the Commission, issued or made under authority of this Act, the Commission shall file an action or proceeding in the circuit court *** in the name of the People of the State of Illinois, for the purpose of having the violation or threatened violation stopped and prevented, either by mandamus or injunction." 220 ILCS 5/4—202 (West 1994).

■ Oncor moved to dismiss the complaint under section 2—619 of the Code of Civil Procedure (735 ILCS 5/2—619 (West 1994)). Oncor denied that it was acting in violation of its tariffs and argued that the Commission failed to give it notice and the opportunity for a hearing as required by section 10—101 of the Public Utilities Act and section 10—25(a) of the Illinois Administrative Procedure Act (5 ILCS 100/10—25(a) (West 1994)). Section 10—101 of the Public Utilities Act states:

"In the conduct of any investigation, inquiry or hearing the provisions of the Illinois Administrative Procedure Act *** shall be applicable and the Commission's rules shall be consistent therewith. Complaint cases initiated pursuant to any Section of this Act, investigative proceedings and ratemaking cases shall be considered 'contested cases' ***." 220 ILCS 5/10—101 (West 1994).

Section 10—25(a) of the Administrative Procedure Act states "[i]n a contested case, all parties shall be afforded an opportunity for a hearing after reasonable notice." 5 ILCS 100/10—25(a) (West 1994). A contested case is "an adjudicatory proceeding *** in which the individual legal rights, duties, or privileges of a party are required by law to be determined by an agency only after an opportunity for a hearing." 5 ILCS 100/1—30 (West 1994).

Oncor argued before the trial court that the Commission had conducted an investigative proceeding which made this a contested case under the Public Utilities Act. Oncor argued that the resolution of the Commission was void for lack of notice and opportunity to be heard under section 10—50(c) of the Administrative Procedure Act (5 ILCS 100/10—50(c) (West 1994)). That section provides that a decision by an agency in a contested case is void which does not comply with the provisions of the Administrative Procedure Act. 5 ILCS 100/ 10—50(c) (West 1994).

The trial court agreed with Oncor. The court ruled that this case must begin with a hearing before the Commission and dismissed the complaint.

The Commission argues on appeal that the trial court "erred in finding that the Administrative Procedure Act requires that the Commission hold an investigatory proceeding prior to the People seeking an injunction to enjoin a public utility, such as Oncor, from violating the Public Utilities Act."

The Commission misstates the issue. The court did not rule that the Commission was required to hold an investigatory proceeding. It held that the Commission had conducted an investigatory proceeding which required it to then give Oncor notice and an opportunity to be heard before it rendered a decision or "resolution."

The Commission argues that if we affirm the trial court's denial of its equity action in this case, then our ruling would mean that it must always hold an investigatory proceeding and issue an order with findings before seeking to enjoin violations of law under section 4—202.

■ Standing alone, section 4—202 can arguably be construed to allow the Commission to use its injunctive power when it is "of the opinion that any public utility" is violating a law "made under authority of [the] Act." 220 ILCS 5/4—202 (West 1994). In this case, the Commission found that Oncor was violating its published tariffs. But section 4—202 must be read together with section 10—101 of the Act, which incorporates the Administrative Procedure Act in circumstances where the Commission makes an investigation (220 ILCS 5/10—101 (West 1994)), and the Administrative Procedure Act, which requires a hearing in contested proceedings (5 ILCS 100/1—30 (West 1994)). If we read section 4—202 as the Commission would have us read it, whether a case is "contested" becomes a matter of discretion with the Commission, which would allow it to sidestep its own administrative procedures whenever it felt so inclined.

We do not read the two statutory provisions in the Public Utilities Act relating to procedural requirements to always require the Commission to hold a hearing. We believe that the agency is required by statute to provide an evidentiary hearing if there exists a dispute concerning a material fact in a contested case.

The Commission relies upon *People ex rel. Commerce Comm'n v. Dohrn Transfer Co.*, 363 Ill. 232, 2 N.E.2d 89 (1936), for the proposition that it need not conduct a hearing before filing an injunctive action in a case such as this because it is not a "contested case" under the Act.

In *Dohrn* the Commission held an administrative hearing to determine whether the defendant should be granted a certificate of convenience to operate as a public utility. The Commission entered an order refusing to grant a certificate of convenience. The defendant ignored the order and continued to operate without the required certificate. The Commission then entered an order, without notice or hearing, which declared that the defendant was operating without a certificate and asked the Attorney General to file an injunctive proceeding against the defendant. The trial court granted the injunction. The defendant appealed and argued that it should have received notice of the Commission's order and was entitled to a hearing. The court held:

"[T]he defendant is engaged in the operation of a public utility without any lawful permission to do so. The law is clear that it

has no such right, and it would be futile to have a hearing to determine whether or not the company was operating as a public utility without a certificate when in this very case it comes into court and admits that it is doing it." *Dohrn*, 363 Ill. at 234.

This case is not analogous to *Dohrn*. There was no factual dispute in *Dohrn* that a law had been violated. Dohrn ignored the law. Here the Commission does not challenge the right of Oncor to operate under appropriate tariffs. The issue is whether Oncor complied with the tariffs filed. The Commission claims Oncor did not. Oncor claims it did. Oncor was not given an opportunity to contest the Commission's finding or offer evidence that it was complying with its tariffs. The Commission made a factual finding without a hearing after the investigation of its staff that Oncor was violating the tariffs, then bypassed its own hearing procedures and sought an injunction in the circuit court.

The Commission concedes that "if this matter is a contested case within the meaning of the statute, there has been no compliance with the contested case provisions of the Administrative Procedure Act and the Public Utilities Act." But, the Commission maintains, it did not conduct an investigative proceeding. Instead, it characterizes the staff's investigation as "nothing more than information gathering."

Oncor responds that the Commission went beyond information gathering. We agree.

Employees of the Commission gathered information on February 7, 8, and 9, 1994. Staff members went to pay telephones throughout Chicago and made intrastate calls which were serviced by Oncor. The Commission received Oncor's bill for the calls in March. The Commission analyzed the charges, compared the charges to the Commission's records from the information the staff gathered during its "information gathering," and rated the charges based on Oncor's tariffs. The Commission then made a factual determination set out in the "Resolution" adopted in June 1994 that Oncor had charged more than its tariffs allowed and was violating Illinois law. This finding was the result of the staff "information gathering." Investigative proceedings are contested cases under section 10—101 of the Public Utilities Act. 220 ILCS 5/10—101 (West 1994). The Administrative Procedure Act requires that all parties in a contested case be given notice and an opportunity for a hearing. 5 ILCS 100/10—25(a) (West 1994).

The statutory requirements of notice and opportunity to be heard are also necessary under principles of procedural due process. "Due process of law is served where there is a right to present evidence

and argument in one's own behalf, a right to cross-examine adverse witnesses, and impartiality in rulings upon the evidence which is offered." *Piotrowski v. State Police Merit Board*, 85 Ill. App. 3d 369, 373, 406 N.E.2d 863 (1980), citing *Lakeland Construction Co. v. Department of Revenue*, 62 Ill. App. 3d 1036, 1040, 379 N.E.2d 859 (1978). Administrative proceedings must conform to the requirements of due process of law. *Distaola v. Department of Registration & Education*, 72 Ill. App. 3d 977, 982, 391 N.E.2d 489 (1979). A decision in a contested case which does not comply with the provisions of the Administrative Procedure Act is void. 5 ILCS 100/10—50(c) (West 1994). The Commission failed to comply with the Administrative Procedure Act when it made a factual determination that Oncor was violating Illinois law without giving Oncor notice and opportunity to be heard. We find the trial court correctly dismissed the complaint.

Affirmed.

THEIS and O'BRIEN, JJ., concur.