Walter R. MILLER et al., Appellants,

v.

RAILROAD COMMISSION of Texas et al., Appellees.

No. 10913.

Court of Civil Appeals of Texas.

Austin.

Feb. 7, 1962.

Rehearing Denied Feb. 21, 1962.

Lanham & Hatchell, Austin, for appellants.

Will Wilson, Atty. Gen., Leon F. Pesek, Marvin Sentell, Asst. Attys. Gen., Albert G. Walker, Sr., Albert G. Walker, Jr., Austin, of counsel, for appellees.

ARCHER; Chief Justice.

This is an appeal from a judgment of the District Court upholding an order of the Railroad Commission granting a Certificate of Public Necessity and Convenience to Lively Trucking Contractors to transport certain named commodities as a specialized motor carrier over irregular routes on irregular schedules and within limited distances.

The appeal is founded on two points assigned as error and are as follows:

"Point No. 1: The Trial Court erred in entering judgment holding that the order of the Commission dated January 14, 1960 is legal and valid because such order does not contain findings of fact as required by Section 5a(d), Article 911b, V.A.C.S.

"Point No. 2. The Trial Court erred in entering judgment holding that the order of the Commission dated January 14, 1960 is legal and valid because such order is not supported by substantial evidence."

As is stated, the appellants contend that the order is not valid, because it did not contain findings of fact as required by Section 5a(d), Article 911b, Vernon's Annotated Civil Statutes.

The order of the Commission recites the filing of the application and the hearing and made the following findings:

"The Commission finds that the application proposes the transportation of commodities as a specialized motor carrier, over irregular routes on irregular schedules, in the area described. The Commission finds as a fact from the evidence that this type of service is not rendered by the regular route common carrier motor carriers and the rail lines. The Commission further finds as a fact from the evidence that the existing specialized motor carrier service is inadequate in that the service is not available when needed, and further, that trucks and facilities are not available when needed.

"The Commission further finds from the evidence and its own records that satisfactory proof has been made of the financial responsibility of the applicant; that the equipment proposed to be used in said operation meets the requirements of the laws of the State of Texas in regard to safety devices, dimensions, etc.; and that the highways designated in the application are of such type of construction and maintenance and subject to such use as to permit the use sought to be made by the applicant without unreasonable interference with the use of such highways by the general public for highway purposes.

"The Commission further finds from the evidence and its own records, after carefully considering the existing

transportation facilities and demand for and the need of the additional service, that the service and facilities of the existing carriers serving the territory are inadequate; that there exists a public necessity for such service; and that public convenience will be promoted by granting said application and permitting the operation of motor vehicles on the highways designated in said application as a common carrier for hire.

"Therefore, after carefully considering the evidence, the laws, and its own records, rules and regulations, the Commission is of the opinion that the application should be granted in part. Accordingly, it is ordered by the Railroad Commission of Texas that the application of M. B. Lively & Bill M. Lively, DBA Lively Trucking Contractors, for a certificate authorizing operation of a specialized motor carrier service, be, and the same is hereby granted in part, as follows:"

On the trial in the District Court, appellant offered the testimony of William P. Danforth, an employee of the Commission as a hearing examiner, and who heard the application of Lively Trucking Contractors and after the hearing submitted his recommendation to the Commission, which granted the application in part, and that the witness drafted the order on an xeroxed form in general use by the Commission. On cross examination he stated that that order contained the findings of fact.

Thomas M. Dye testified that he lived in Dallas and was a hauling contractor under authority issued to him by the Commission authorizing him to transport gravel, rock and various commodities used in construction of highways; that he had been operating for eleven years and he testified as to terminals, equipment, etc. The witness testified that he would have been willing to handle any business tendered. On cross examination he stated that the industry was already overcrowded.

Walter Miller testified that he lived in Austin and was engaged in truck contracting by authority issued by the Commission as a specialized motor carrier to haul certain commodities from a distance of 250 miles from the point of origin; that his main office was in Austin and that he at one time had a terminal at Burnet; that he could supplement his trucks as needed and could perform any service requested under his operating authority. The witness testified that he made efforts to solicit business by telephone calls, visits and contacts at highway lettings which he attended once a month and that he appeared at the hearing on the application and protested such application; that neither George Probst nor William P. Campbell ever called on him to render a service that he did not have the equipment available for such service; that the granting of the permit would further overcrowd the trucking business and that any revenue detracted from him would have an adverse effect on his business income.

Martin D. Lively testified that he lived in Austin and was a partner in Lively Trucking Contractors and that he had two trucks and two tandem trailers and that he had been connected with the hauling business since 1938 for the general public and that he was, at the time of the hearing before the Commission, under a lease agreement with Walter Miller, a certified carrier. The witness testified that he was unable to make hauls he had been called on to make because he was not a certified carrier and could not run the risk of bootlegging them but that he did haul a lot by bootlegging them; that he had competent drivers.

George Probst, a witness for the defendant, testified that he was employed by Zachary Company now but was employed by G. C. McBride, Inc., in Waco from September 1959 to February 1960 and was in charge of hot mix paving and that he made arrangements for jurisdictional hauls and had

difficulty in securing truckers frequently and that if Lively was granted authority, his Company would use his trucks and that service was needed. On cross examination he stated that he did not call the A & O Truck Co., T. M. Dye Hauling Contractors, Charlie Evans, or National Materials Corporation.

E. B. Snead, called by defendant, testified that he lived in Austin, was the Chief Executive Officer of Texas Crushed Stone; that he had difficulty in securing certified haulers during the fall of 1959 and early in 1960, and stated certain occasions; that he sent one of his employees to testify before the Commission. On cross examination the witness stated that he had not called on A & O Truck Service, Evans Trucking Company or Dye Hauling Contractors and had not called on several other haulers for service.

Our Supreme Court, in Alamo Express, Inc. v. Union City Transfer, 158 Tex. 234, 309 S.W.2d 815, which is the latest pronouncement on the authority of the Commission and its duties in connection with the issuance of motor carrier's certificates, fully discussed, in its decision, the law and the applicable cases and nothing could be said by this Court at this time that would be of aid to an understanding of the law and the numerous cases, many of which are cited and referred to in the Supreme Court's decision.

We believe that the Commission was justified in exercising its discretion in granting the permit and that there was evidence on which the Commission could and did act in granting the permit and that such order was not unreasonable, arbitrary or capricious and that the judgment of the Trial Court in upholding the order finds reasonable support in the record.

The judgment of the Trial Court is affirmed.

Affirmed.