**Walter R. MILLER et al., Petitioners,**

v.

**RAILROAD COMMISSION of Texas et al., Respondents.**

No. A–8924.

Supreme Court of Texas.

Nov. 28, 1962.

Rehearing Denied Jan. 16, 1963.

Lanham & Hatchell, Austin, for petitioners.

Will Wilson, Atty. Gen., Austin, Leon F. Pesek and Marvin Sentel, Asst. Attys. Gen., Albert G. Walker, Sr., and Albert G. Walker, Jr., Austin, for respondents.

CALVERT, Chief Justice.

This is a suit by Walter R. Miller and others to set aside a Railroad Commission Order which granted Lively Trucking Contractors a Specialized Motor Carrier Certificate to transport certain roadway construction materials in various areas in Texas. Petitioners assert that the order does not recite findings of fact in the manner prescribed by Article 911b, Sec. 5a(d), Vernon's Annotated Texas Civil Statutes, and is not supported by substantial evidence. The trial court upheld the order of the Commission and its judgment was affirmed by the Court of Civil Appeals, 353 S.W.2d 930. We reverse.

This appeal presents two questions for determination: (1) Does the recital of the findings stated in the Commission's order sufficiently comply with statutory requirements? (2) Is the order supported by substantial evidence?

Article 911b, Sec. 5a(d), Vernon's Annotated Texas Civil Statutes, which authorizes the issuance of certificates of convenience and necessity, reads as follows:

"The Commission shall have no authority to grant any application for a certificate of convenience and necessity authorizing operation as a 'Specialized Motor Carrier' or any other common carrier unless it is established by substantial evidence (1) that the services and facilities of the existing carriers serving the territory or any part thereof are inadequate; (2) that there exists a public necessity for such service, and (3) the public convenience will be promoted by granting said application. The order of the Commission granting said application and the certificate issued thereunder shall be void unless the Commission shall set forth in its order full and complete findings of fact pointing out in detail the inadequacies of the services and facilities of the existing carriers, and the public need for the proposed service."

The statute prescribes, in mandatory language, the scope and extent of the findings of fact which must be made and included in the order. They must be "full and complete" and they must point out the inadequacies of the services and facilities of the existing carriers and the public need for the proposed service "in detail."

There is purpose in the statute. One purpose no doubt is to restrain any disposition on the part of the Commission to grant a certificate without a full consideration of the evidence and a serious appraisal of the facts. Another is to inform protestants of the facts found so that

they may intelligently prepare and present an appeal to the courts. Still another is to assist the courts in properly exercising their function of reviewing the order. If an order is to accomplish these purposes, it must contain findings of basic facts as distinguished from mere factual, or mixed factual and legal, conclusions. Findings of basic facts cannot be presumed from findings of a conclusional nature. Thompson v. Railroad Commission, 150 Tex. 307, 240 S.W.2d 759, 760. In this respect orders under this statute differ from administrative orders in other fields where there are no statutory requirements for express findings of facts other than the ultimate facts. One of the reasons for striking down the Commission's order in Thompson v. Railroad Commission, 150 Tex. 307, 240 S.W.2d 759, 762, was because of the conclusional nature of certain required findings.

On this phase of the case, respondents assert that Alamo Express v. Union City Transfer, 158 Tex. 234, 309 S.W.2d 815, in which an order of the Commission was upheld, is authority for the sufficiency of the findings in the instant order. We disagree. The findings in that case as revealed in the opinion of the Court of Civil Appeals in 298 S.W.2d 914, 923–924, indicate a reasonable compliance with the statutory requirement.

■ In the instant order the findings which are said to comply with the statutory requirement are in this sentence: "The Commission further finds as a fact from the evidence that the existing specialized motor carrier service is inadequate in that the service is not available when needed, and further, that trucks and facilities are not available when needed." This sentence follows another which recites that the Commission finds as a fact that the type of service proposed is not rendered by regular route common carrier motor carriers or the rail lines.

■ We hold that the findings do not meet the requirements of the statute. The

statements that "service is inadequate in that the service is not available when needed" and "trucks and facilities are not available when needed" do not provide sufficient findings of basic facts from which the courts can determine if reasonable grounds existed for issuance of the order. This court has neither the right nor the ability to lay out a precise form of findings to be made by the Commission. They should be such that a court upon reading them can fairly and reasonably say that they either do or do not support the required ultimate statutory findings of inadequacy of the services and facilities of existing carriers and a genuine public need for the proposed service. Brinker Trucking Co. v. Illinois Commerce Commission, 19 Ill.2d 354, 166 N.E.2d 18. The sufficiency of findings to meet the requirements of the statute must be related to the issues and the evidence in each case separately. Writings in 33 Texas Law Review 650, 146 A.L.R. 209 and Davis on Administrative Law, Vol. 2, p. 444, et seq. are informative.

We hold also that the order granting the certificate is invalid for lack of support by substantial evidence. Inasmuch as we have held the order invalid because it does not contain the required statutory findings, we see no need to write at length on this question. Our conclusion has been reached from a review of the entire record, Shupee v. Railroad Commission of Texas, 123 Tex. 521, 73 S.W.2d 505; Alamo Express v. Union City Transfer, 158 Tex. 234, 309 S.W.2d 815, and with recognition that the burden was on petitioners to offer evidence establishing the order's invalidity. Board of Firemen's Relief, etc. v. Marks, 150 Tex. 433, 242 S.W.2d 181, 183, 27 A.L.R.2d 965; White v. Bolner, Tex.Civ.App., 223 S.W.2d 686, 689, writ refused; Collins v. Board of Firemen, etc., Tex.Civ.App., 319 S.W.2d 174, writ refused.

The evidence adduced by petitioners established, prima facie, that the services and facilities of the existing specialized motor carriers for transporting roadway construction materials were adequate and that there

was no public necessity for the proposed service. The only evidence adduced by the applicant-respondent to rebut the prima facie showing made by petitioners was the testimony of two witnesses, one of whom was in and one of whom had been employed by a road construction materials business, that on some occasion or occasions they had difficulty in securing haulers, each admitting, however, that he had not sought on such occasions to obtain services from other carriers known by him to be certified. We conclude that there is in the record no substantial evidence supporting the Commission's findings that there is a public need for the proposed service or that the services and facilities of existing carriers are inadequate in this transportation field.

The judgments of the Court of Civil Appeals and the trial court are reversed and judgment is here rendered vacating the order of the Commission.

GREENHILL, Justice (concurring).

The opinion of the Court does not mention or pass upon the point that the order of the Railroad Commission was a printed form containing "standard" findings of fact for the granting of a certificate. The Legislature carefully prescribed that the Commission shall make "full and complete findings of fact." This is part of the "due process" prescribed. In passing upon an application of this character, the Commission is acting in a quasi-judicial capacity. After the Commission rules, its findings are presumed to be valid; and the losing party must bear the heavy burden of overcoming its findings under the substantial evidence rule. For the Commission to print in advance and use forms containing its fact findings upon which the order is based, filling in the date, the names of the parties, and the authority granted, in a contested case, is itself, in my opinion, a lack of procedural due process of law.

We know that the Commission has a very heavy burden and is not overstaffed. There may be, and probably are, many occasions when standard printed forms, in whole or in part, are adequate and permissible. But, in my opinion, the use of preprinted fact findings under the circumstances here presented does not fulfill the requirements of the statute.

I agree with the Court that there is not substantial evidence to support those findings which do appear in the printed form. So I concur with the result reached.