**BAY CITY FEDERAL SAVINGS AND LOAN ASSOCIATION et al.,**
**Petitioners,**

**v.**

**W. Sale LEWIS, Savings and Loan Commissioner of Texas et al., Respondents.**

No. B–2629.

Supreme Court of Texas.

Dec. 8, 1971.

Rehearing Denied Jan. 19, 1972.

C. R. Bell, Bay City, Duckett & Duckett, El Campo, Jacobsen & Long, Joe R. Long and Gary Evatt, Austin, for petitioners.

Crawford Martin, Atty. Gen., Heath, Davis & McCalla, Dudley D. McCalla, Austin, for respondents.

DANIEL, Justice.

This is an appeal by Bay City Federal Savings and Loan Association and Wharton County Savings and Loan Association, hereinafter referred to as Petitioners, from an order of the Savings and Loan Commissioner of Texas, W. Sale Lewis, granting the charter application of A. J. Stanish, et al. to operate Matagorda County Savings and Loan Association in Bay City, Texas. The 167th District Court of Travis County found the order valid and supported by substantial evidence. The Court of Civil Appeals for the Third Supreme Judicial District affirmed (463 S.W.2d 268), holding that the failure of the Commissioner to set forth in his order a concise and explicit statement of the underlying facts supporting certain findings in his order was not reversible error. We reverse the courts below and remand this case to the Commissioner for further proceedings consistent with this opinion.

Section 2.08 of the Texas Savings and Loan Act [1] provides in part as follows:

"Sec. 2.08. The Commissioner shall not approve any charter application unless he shall have affirmatively found from the data furnished with the application, the evidence adduced at such hearing and his official records that:

"(1) the prerequisites, where applicable, set forth in Sections 2.02, 2.03, 2.04, 2.05, and 2.06 have been complied with and that the Articles of incorporation comply with all other provisions of this Act; * * *."

Section 2.03 of the Act provides:

"Incorporators of proposed associations with authority to issue Permanent Reserve Fund Stock, as a prerequisite to the approval of an application for a charter shall be required to have subscribed and paid for in cash to the credit of the proposed association an aggregate amount of Permanent Reserve Fund Stock as the Commissioner shall specify within the limits set for such stock in the preceding Section. Such stock shall be issued within thirty (30) days from the date of incorporation."

Section 11.11(4) of the Act provides:

"A decision or order adverse to a party who has appeared and participated in a hearing shall be in writing and shall include *findings of fact* and conclusions of law, separately stated, on all issues material to the decision reached. Findings of fact, *if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings.*" [Emphasis added.]

The finding of fact made by the Commissioner with regard to the requirements

---

1. Article 852a. This and all other citations of Texas statutes refer to Vernon's Annotated Texas Civil Statutes.

of Section 2.03, supra, was set forth by him in the following statutory language:

"The Commissioner is further of the opinion and finds that the prerequisites as set forth in Sections 2.02, 2.03, 2.04, 2.05, and 2.06 of the Texas Savings and Loan Act have been complied with . . . ."

 The foregoing finding is only by reference to the section numbers, without any separate finding on the prerequisites set forth in each section. It is apparent that Section 2.08(1), when read in connection with the other provisions of the Act, contemplates separate findings with reference to the applicable requirements of Sections 2.02–2.06. In any event, there is no underlying statement of facts supporting the blanket finding with respect to the prerequisites of Sections 2.02–2.06. For instance, with respect to Section 2.03, there is no statement concerning the amount of cash which was required by the Commissioner or the amount paid in by the incorporators. Neither is there any concise and explicit statement of the underlying facts supporting the finding with respect to the requirements of Sections 2.02 and 2.04.[2]

Petitioners contend that the lack of a concise and explicit statement of the facts supporting the findings of the Commissioner as required by Section 11.11(4) vitiates the entire order. This was the holding of the same Court of Civil Appeals in Gonzales County Savings and Loan Association v. Lewis, 461 S.W.2d 215 (Tex. Civ.App., Austin 1970), which we have this day affirmed. Lewis v. Gonzales County Savings and Loan Association (Tex.Sup. Ct.1971), 474 S.W.2d 453.

The Court of Civil Appeals attempts to distinguish this case from its prior decision in *Gonzales* on the grounds that the findings of the Commissioner in the *Gonzales* case were contested *on the merits* but "were never seriously at issue" in this case, and that Petitioners do not contend that they were harmed by the Commissioner's failure to follow the statutory requirement in this case. Likewise, it is pointed out that the complaining parties in *Gonzales* urged lack of substantial evidence to support the findings which were not accompanied by statements of underlying facts, while Petitioners here did not preserve their substantial evidence challenge to the finding that the prerequisites of Sections 2.02–2.06 had been complied with.

We cannot agree that these distinctions relieve the Commissioner from complying with the mandatory provision of Section 11.11(4) of Article 852a, which specifically requires that when his findings of fact are in statutory language, they "shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings." This part of the Act is not conditioned on whether the findings were contested on the merits, whether lack of substantial evidence was urged, or whether or not Petitioners alleged that they were harmed by the Commissioner's failure to comply with the law.

This is a case of statutory construction in which the plain meaning and requirement of the statute are obvious. The legislature has delegated to the Commissioner the authority to grant a charter application, and the Commissioner may exercise such delegated authority only in the manner prescribed by the legislature.

In Miller v. Railroad Commission, 363 S.W.2d 244 (Tex.Sup.1962), this Court held an order of the Railroad Commission invalid because the findings of fact were not adequately supported as required by statute. The purpose in requiring a "full

2. Section 2.02 concerns the issuance, amount, and nature of Permanent Reserve Fund Stock. Section 2.04 allows the Commissioner to require as a prerequisite to approval a paid-in surplus. Sections 2.05 and 2.06 concern an association without a Permanent Reserve Fund Stock and are not applicable to the instant application.

and complete" finding in the administrative order was discussed:

"There is purpose in the statute. One purpose no doubt is to restrain any disposition on the part of the Commission to grant a certificate without a full consideration of the evidence and a serious appraisal of the facts. Another is to inform protestants of the facts found so that they may intelligently prepare and present an appeal to the courts. Still another is to assist the courts in properly exercising their function of reviewing the order. If an order is to accomplish these purposes, it must contain findings of basic facts as distinguished from mere factual, or mixed factual and legal, conclusions." 363 S.W. 2d at 245.

The Court of Civil Appeals said "we feel that neither appellants nor this Court would benefit by remanding this case to the Commissioner with instructions to set out the underlying facts supporting a finding which in fact is not contested." This may be true. However, appellants and the court are not the only ones concerned with the Commissioner's order and his failure to follow the procedure required by law. The public has an interest in the administrative decisions of State agencies, especially where they concern the public need for savings and loan agencies. We assume that the public also has a general interest in the laws of the State being followed as they are written.

■ Petitioners also urge that there is no substantial evidence in the record to support the Commissioner's findings of public need and volume of business sufficient to indicate a profitable operation (Sec. 2.08 [3]), and that the proposed operation will not unduly harm any existing association (Sec. 2.08 [4]). A summary of the evidence supporting these findings is set forth in the opinion of the Court of Civil Appeals, and it has correctly applied the substantial evidence test. This Court has held that review of the

Commissioner's findings is not by a preponderance of the evidence test, because "the court would be in the attitude of impermissibly substituting its judgment for the expertise of the administrative officer in the exercise of his statutory discretion." Gerst v. Goldsbury, 434 S.W.2d 665, 667 (Tex.Sup.1968). It was said in that case: "Where there is substantial evidence which would support either affirmative or negative findings, the order must stand, notwithstanding the Commissioner may have struck a balance with which the court might differ."

Petitioners' arguments against these findings, however persuasive, are of no avail unless they show that the evidence so conclusively required opposite findings that the Commissioner must be held to have acted arbitrarily or capriciously. We have examined the hearing record and hold that the Court of Civil Appeals did not err in finding that there is substantial evidence in the record to support the findings complained of.

However, as heretofore stated, since the Commissioner did not comply with the requirements of Section 11.11(4) of the Act with regard to the findings required by Section 2.08(1), his order of November 26, 1969, approving the charter application for Matagorda County Savings and Loan Association, is invalid. Accordingly, the judgments of the courts below are reversed and the case is remanded to the Commissioner for further proceedings consistent with this opinion.

Concurring opinion by POPE, J., in which CALVERT, C. J., and STEAKLEY, J., join.

POPE, Justice (concurring).

For the reason expressed in the concurring opinion in Lewis v. Gonzales County Savings and Loan Association, 474 S.W. 2d 453 (Tex.1971), this day handed down by this court, I would withhold judgment

concerning the presence of substantial evidence to support the commissioner's order until we have before us a valid order.

CALVERT, C. J., and STEAKLEY, J., join in this concurring opinion.