**SECURITY SAVINGS AND LOAN ASSOCIATION OF DICKINSON, Texas, Appellant,**

**v.**

**W. Sale LEWIS, Savings and Loan Commissioner of Texas, et al., Appellees.**

**No. 12205.**

Court of Civil Appeals of Texas, Austin.

Oct. 30, 1974.

**393**

Conrad Werkenthin, Mary Joe Carroll, Clark, Thomas, Denius, Winters & Shapiro, Austin, for appellant.

John L. Hill, Atty. Gen. of Texas, John H. Banks, Asst. Atty. Gen., Austin, Charles L. Price, Kennerly & Price, Lowell B. Hays, Baker & Heard, Houston, for appellees.

SHANNON, Justice.

The resolution of this appeal turns on whether or not the Savings and Loan Commissioner set out the underlying facts supporting his findings that the proposed association had complied with certain financial requirements of the Savings and Loan Act of Texas, Vernon's Tex.Rev. Civ.Stat.Ann. art. 852a. As we are of the opinion that the statement of underlying facts filed by the Commissioner was not in compliance with Sec. 11.11(4) of that Act, we will reverse the judgment and remand the cause to the Commissioner.

Security Savings and Loan Association of Dickinson has appealed from a judgment of the district court of Travis County sustaining the order of the Savings and Loan Commissioner of Texas, granting a charter for City Savings Association to be located in League City. Appellant is Security Savings and Loan Association, and appellees are the proposed association, City Savings Association, and W. Sale Lewis, Savings and Loan Commissioner of Texas.

The Commissioner entered his order granting the issuance of the charter on April 24, 1973, more than sixty days after the close of the hearing. As required by Art. 852a § 11.11(4), the Commissioner filed findings of fact and conclusions of law. As to compliance by the proposed association with the financial requirements of Art. 852a, the Commissioner found in basically the language of § 2.08(1):

"A. The prerequisites, where applicable, set forth in Sections 2.02, 2.03, 2.04, 2.05 and 2.06 of the Savings and Loan Act of Texas have been complied with and the Articles of Incorporation of City Savings Association comply with all other provisions of the Savings and Loan Act of Texas."[1]

Sec. 11.11(4) also requires the Commissioner to accompany his findings of fact, if set forth in statutory language, with a "concise and explicit statement of the underlying facts supporting the findings." Appellees' claim that the following quoted statement from the Commissioner's order is a "concise and explicit" statement which satisfies the mandate of Sec. 11.11(4).

"In support of the foregoing findings, the Commissioner notes and finds that the application and Articles of Incorporation and the other supporting data filed with the Commissioner in connection with the charter application of City Savings Association and also the testi-

1. Among other things, Section 2.02 prescribes the range of the par value of shares of permanent reserve fund stock issued by an association and the minimum amount of permanent reserve fund stock which must be issued and outstanding. Section 2.03 requires that the amount of permanent reserve fund stock required by the Commissioner, within the range established by Section 2.02, be subscribed to and paid for in cash as a prerequisite to approving a charter. Section 2.04 permits the Commissioner to require an applicant for a new charter to pay in capitalization, additional to the amounts paid in for permanent reserve fund stock, in the form of paid-in surplus. Sections 2.05 and 2.06 relate to mutual associations and are not applicable inasmuch as the proposed association is a permanent reserve fund stock association.

mony of James A. Lammers, proposed President and Chief Executive Officer of City Savings Association, prove and substantiate the foregoing factors and the Commissioner finds such testimony and evidence to be reliable and credible. None of the protestants to the application offered evidence in any way controverting the factors noted and findings made above."

■ The Supreme Court has asserted more than once the purposes in requiring that underlying findings of fact be filed in support of the administrative orders. Miller v. Railroad Commission, 363 S.W.2d 244 (Tex.1962), Bay City Federal Savings and Loan Association v. Lewis, 474 S.W.2d 459 (Tex.1971), Morgan Drive Away, Inc. v. Railroad Commission of Texas, 498 S.W.2d 147 (Tex.1973). Those purposes are to require a full consideration of the evidence and serious appraisal of the facts on the part of the administrative agency; to inform the protestants of the facts found so that they may intelligently prepare and present an appeal to the courts; and to assist the courts in properly exercising their function of reviewing the order.

That part of Sec. 11.11(4) which requires the findings of fact to be accompanied by a concise and explicit statement of the underlying facts has been strictly construed by the Supreme Court. Bay City Federal Savings and Loan Association v. Lewis, *supra*. The facts and the issue in that case are similar to those in the case at bar. In that case the petitioners complained that the Commissioner failed to set out the underlying facts supporting his finding that the proposed association had complied with certain financial requirements of Tex.Rev.Civ.Stat.Ann. art. 852a. Relying on Sec. 11.11(4), the petitioners said that the ·Commissioner's omission vitiated the entire order.

In agreeing with the petitioners and in reversing the judgment of this Court, the Supreme Court said:

"The Court of Civil Appeals attempts to distinguish this case from its prior decision in Gonzales on the grounds that the findings of the Commissioner in the Gonzales case were contested on the merits but 'were never seriously at issue' in this case, and that Petitioners do not contend that they were harmed by the Commissioner's failure to follow the statutory requirement in this case. Likewise, it is pointed out that the complaining parties in Gonzales urged lack of substantial evidence to support the findings which were not accompanied by statements of underlying facts, while Petitioners here did not preserve their substantial evidence challenge to the findings that the prerequisites of Sections 2.-02–2.06 had been complied with.

"We cannot agree that these distinctions relieve the Commissioner from complying with the mandatory provision of Section 11.11(4) of Article 852a, which specifically requires that when his findings of fact are in statutory language, they 'shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings.' This part of the Act is not conditioned on whether the findings were contested on the merits, whether lack of substantial evidence was urged, or whether or not Petitioners alleged that they were harmed by the Commissioner's failure to comply with the law.

"This is a case of statutory construction in which the plain meaning and requirement of the statute are obvious. The legislature has delegated to the Commissioner the authority to grant a charter application, and the Commissioner may exercise such delegated authority only in the manner prescribed by the legislature.

\* \* \* \* \* \*

"The Court of. Civil Appeals said 'we feel that neither appellants nor this Court would benefit by remanding this

case to the Commissioner with instructions to set out the underlying facts supporting a finding which in fact is not contested.' This may be true. *However, appellants and the court are not the only ones concerned with the Commissioner's order and his failure to follow the procedure required by law. The public has an interest in the administrative decisions of State agencies, especially where they concern the public need for savings and loan agencies. We assume that the public also has a general interest in the laws of the State being followed as they are written."* (Emphasis added)

 A reading of the above quoted "underlying facts" plainly demonstrates that such statement is no more than a less than clear reference to evidence said to be found somewhere in the transcript of proceedings of the hearing. The purported "underlying facts" state that the application and Articles of Incorporation and other supporting data and the testimony of one James A. Lammers "prove and substantiate" that the statutory prerequisites, where applicable, have been complied with. It may well be that the Commissioner relied upon the recited documents and the testimony of Lammers in reaching his conclusion, but, without question, the quoted statement does not set out what those facts were.

 The quoted statement serves none of the three purposes said to be the basis for the requirement that the administrator particularize the underlying facts supporting his order. Miller v. Railroad Commission, *supra*. For example, by reading the "underlying facts" one would not be able to discern the amount of cash which was required by the Commissioner or the amount paid in by the incorporators. Bay City Federal Savings and Loan Association v. Lewis, *supra*. It is not enough that the underlying facts may be finally ascertained by a search of the record because, for these purposes, the court may consider only what was written by the administrator in his order and measure its statutory suffi-

ciency by what the order says. Morgan Drive Away, Inc. v. Railroad Commission of Texas, *supra*.

As the judgment will be reversed for the reasons above stated, it is unnecessary to treat with appellant's other points of error.

The judgment is reversed and the cause is remanded to the Commissioner for further proceedings consistent with this opinion.