SECURITY SAVINGS AND LOAN ASSOCIATION OF DICKINSON, Texas, Appellant,

v.

W. Sale LEWIS, Savings And Loan Commissioner of Texas, et al., Appellees.

No. 12483.

Court of Civil Appeals of Texas, Austin.

Feb. 16, 1977.

Rehearing Denied March 16, 1977.

Conrad P. Werkenthin, Mary Joe Carroll, Clark, Thomas, Winters & Shapiro, Austin, for appellant.

John L. Hill, Atty. Gen., Patrick P. Rogers, Asst. Atty. Gen., Austin, for W. Sale Lewis, Savings and Loan Commissioner.

Lowell B. Hays, Baker & Heard, Charles L. Price, Kennerly & Price, Houston, for City Savings Ass'n.

SHANNON, Justice.

Security Savings and Loan Association of Dickinson, has appealed from the judgment of the district court of Travis County sustaining the order of the Savings and Loan Commissioner of Texas granting a charter for City Savings Association to be located in League City. Appellant is Security Savings and Loan Association, and appellees are the proposed association, City Savings Association, and W. Sale Lewis, Savings and Loan Commissioner of Texas.

This is the second appearance of this case in this Court. In the previous appeal, this Court reversed the judgment of the district court and remanded the cause to the Commissioner for the reason that the statement of underlying facts in the Commissioner's order was not in compliance with Tex.Rev. Civ.Stat.Ann. art. 852a, § 11.11(4) (1964). 515 S.W.2d 392 (Tex.Civ.App.1974, no writ).

After remand, and without receiving additional evidence the Commissioner entered an "amended" order on January 22, 1975. The amended order, as did the original order, approved the creation of City Savings Association. Appellant appealed from the Commissioner's order to the district court of Travis County.

At trial the "hearing record and all exhibits" certified to by the Commissioner were received in evidence. In addition to the record certified by the Commissioner, City Savings Association offered in district court the following documents for admission into evidence:

(1) Instrument entitled "Application for Charter for a Savings and Loan Association" including certain attachments or exhibits thereto, to-wit:
(a) Letter from Capital National Bank to the Savings and Loan Commissioner dated October 27, 1972;
(b) List of stockholders;

(c) Instrument entitled "Statement of Proposed Managing Officer";

(d) Instrument entitled "City Savings Association League City, Texas Projected Income and Expense";

(e) Proposed loan instruments (note and deed of trust); and

(f) A brief summary of matters relevant to Section 2.08(2), (3) and (4) of the Texas Savings and Loan Act.

(2) Instrument entitled "Articles of Incorporation."

(3) Instrument entitled "By-Laws of City Savings Association League City, Texas."

Document (1)(f) is attached to the application and is, in part, a summary of the background and experience of the directors of the proposed association. As might be expected, that summary presents an optimistic account of those persons.

Also contained in document (1)(f) is a statement of the evidence supporting the contention that there is a public need for the proposed association, the contention that the volume of business in the community is such as to indicate a profitable operation, and the contention that the proposed association will not unduly harm any existing association. That statement is set out below:

"(2) there is a public need for the proposed association and the volume of business in the community in which the proposed association will conduct its business is such as to indicate profitable operation.

"Today League City is growing at a rate of about 20% per year. There is only a branch office in League City. There is no way that this branch office can process loans without clearance from the home office. This branch office is in the same building with a bank. As you can see by the number of people that subscribe to shares in the proposed association, they also feel the need. We could at this time open with over one million and a half dollars in deposits. We find from the public that there is available within the next two years some five million in addition. We feel that this association

will be ranked in the top ten associations in Harris and Galveston Counties within ten years. The Galveston County Council has predicated that this area, by the turn of the century alone, will have almost 700,000 people.

"Competition is needed badly now, as many builders have told us that they could not get competitive loans without coming to Houston. Competition is vitally needed for the public good. This business will be operated as a profitable operation in the first year, as shown by our budget figures. The public need is there. As one employee from another association told us, she has sent over seven and a half million dollars in loans to Houston this year alone. The money is there for the association, if competition can be created. The savings and loan institution, as such, has not been sold to this community, because of the ownership of the branch office and the bank being in one man's hands.

"(3) the operation of the proposed association will not unduly harm any existing association.

"The operation of this association will not unduly harm the existing association branch because it is neither pushing for loans nor deposits. Many people in League City did not even know that that association exists and many people want to put their money where they can get the most interest. It will only add a new dimension for the many people that now have money on demand deposits rather than savings. There is no way that this association could harm the existing association. It could only help."

It is undisputed that the above instruments were not introduced into evidence at the agency hearing and did not form a part of the record certified by the Commissioner.

Appellant objected to the offer in district court upon the basis that the instruments were not introduced into evidence at the Commissioner's hearing and were not a part of the record certified by the Commissioner. Appellant objected further that the hearing officer had not officially noticed the con-

tents of the instruments in the hearing and that the instruments were hearsay.

It was important for appellees to have the district court admit the instruments into evidence because some statements in those instruments were utilized in the Commissioner's order as "underlying facts" in support of his order. The district court admitted the instruments into evidence for all purposes. In response to counsel's inquiry in this regard, the court replied that the instruments were admitted for ". . . *the facts stated therein.*" (Emphasis added)

The admission of the instruments in evidence forms the basis for appellant's initial point of error.

Judicial review of orders of the Savings and Loan Commissioner is controlled by Tex.Rev.Civ.Stat.Ann. art. 852a, § 11.12 (1964). Section 11.12(5)(b) provides in part that ". . . no evidence shall be admissible which was not adduced at the hearing on the matter before the Commissioner or officially noticed in the record of such hearing."

The evidence subject to judicial review is that certified by the Commissioner pursuant to § 11.12(4). Section 11.12(4) requires that after service of the petition upon the Commissioner, he shall ". . . certify to the District Court in which such petition is filed the record of the proceedings to which the petition refers."

The above quoted provisions were construed by the Supreme Court in *Gerst v. Nixon,* 411 S.W.2d 350, 357 (Tex.1966). In that case Justice Norvell wrote:

"* * * The requirement that the Commissioner file a record of the proceedings had before him with the District Court clearly implies that such record is to be considered by the court. While the last phrase contained in Section 11.12, subsection (5)(b), could have been more artfully worded, it seems reasonably clear that when considered in connection with other portions of the Act, the purpose of the words, 'no evidence shall be admissible which was not adduced at the hearing on the matter before the Commissioner or officially noticed in the record of such hearing', was to adopt the rule that the Commissioner's order is to stand or fall upon the evidence adduced and matters noticed at the Commissioner's hearing. It is from this record that the District Judge is to determine whether or not the Commissioner's order is arbitrary, i.e., whether it is reasonably supported by substantial evidence."

Since *Gerst v. Nixon, supra,* the uniform view has been that judicial review in cases involving applications for savings and loan charters has been limited to the Commissioner's certified record. *Lewis v. Southmore Savings Association,* 480 S.W.2d 180 (Tex.1972), *Lewis v. Guaranty Federal Savings and Loan Association,* 483 S.W.2d 837 (Tex.Civ.App.1972, writ ref'd n.r.e.).

Appellees contend that the district court correctly admitted the instruments in evidence because the instruments were ". . . officially noticed in the record of such hearing" in compliance with § 11.12(5)(b). In support of their position, appellees rely upon *Citizens of Texas Savings and Loan Association v. Lewis,* 483 S.W.2d 359 (Tex. Civ.App.1972, writ ref'd n.r.e.). We will refer to *Citizens* later in this opinion.

In adopting appellees' contention, the district court necessarily relied upon certain statements of the hearing officer concerning "notice," the most formal of which was:

"Now, this concludes our introductory remarks, except to say that the Commissioner will take official and judicial knowledge of the fact that the application contains all of the prerequisites and that the protests are duly and timely filed, in connection with this particular hearing."

■ We have concluded that the district court erred in admitting the instruments. The reasons for our conclusions follow. It is basic that a charter application hearing before the Savings and Loan Commissioner is an adversary proceeding. The application for a savings and loan association charter along with the accompanying documents constitutes the administrative pleading of the charter applicant. *Lewis v.*

*Guaranty Federal Savings and Loan Association, supra.* In a contested hearing the applicant has the burden of going forward and of proving by competent evidence its case for a charter. In such a hearing the application and supporting documents, without other proof, would not suffice to support an order granting the charter. Stated another way, the applicant in a contested hearing could not close without placing competent evidence in the record in support of every element necessary to obtain the charter. If the charter applicant needs to rely upon the application and the supporting documents for proof of facts, it is incumbent upon the applicant to tender those instruments into evidence at the agency hearing. As in an ordinary trial opposing counsel then would have an opportunity to object to the admission of those documents. By failing to offer the documents, the applicant waives the right to have the instruments considered, because until their introduction into evidence, the protestants have had no opportunity to cross-examine with regard to the materials contained in the documents.

In a contested hearing we doubt that the Commissioner could relieve the charter applicant of the burden of establishing its case by competent evidence by officially noticing the *contents* of the application and the accompanying documents. If that proposition were true, after the application and documents had been filed and noticed, the applicant could rest and the protestants then would have the burden of disproving the self-serving statements usually found in the instruments submitted with an application.

That issue is not in this appeal because the statement of the hearing officer did no more than notice that the application was in order and that the application and the supporting documents had been "duly and timely" filed. It is true that the Commissioner may officially notice in the record the filing of the application and attached documents. *Citizens of Texas Savings and Loan Association v. Lewis, supra.* Appellee, however, did not offer the materials in evidence in district court as *proof of filing,*

but instead it offered, and the court admitted, the material as *proof of the statement of facts* contained therein. Notice by the hearing officer of the filing of the instruments is *not* proof of the statements contained therein. The district court erred in permitting the charter applicant to supply proof in district court to plug holes in the agency record.

*Citizens of Texas Savings and Loan Association v. Lewis, supra,* is not authority for the district court's admission of the application and supporting instruments for the truth of the material contained therein. No application and supporting instruments were received as additional evidence by the district court in that case. The appellants in *Citizens* were complaining only of the fact that the Commissioner took official notice of the filing of the charter application. This the Commissioner had the right to do.

An examination of the "underlying facts" in the Commissioner's amended order demonstrates that the district court's error in admitting the application and supporting documents was not an academic one. Statements from the application and the supporting documents were utilized in that order as "underlying facts" in support of the Commissioner's findings that the proposed association had complied with the requirements of § 2.02, § 2.03, § 2.04, § 2.05, and § 2.06 of the Savings and Loan Act. Those particular "underlying facts" are not to be found in the Commissioner's record. The error complained of amounted to such a denial of appellant's rights as was reasonably calculated to cause and probably did cause the rendition of an improper judgment.

The judgment is reversed and the cause is remanded to the Savings and Loan Commissioner of Texas for further proceedings consistent with this opinion.

Reversed and Remanded.